[Rowland et als. v. Jones et al.]

# Rowland *et als. v.* Jones *et al.*

### Bill in Equity for Injunction.

1. *Decree; what can not be supported.*—A decree in equity, materially affecting the right and interests of infant defendants, can not be supported, when assailed on error, unless the record affirmatively shows that they were brought before the court in the mode prescribed by the rules of practice, and that a guardian *ad litem* had been regularly appointed to represent and defend them.

2. *Same; what will not uphold.*—The appearance and answer by a guardian *ad litem*, recognized by the court, if the guardian *ad litem* comes in without appointment, or under an irregular appointment, or under an appointment prematurely made, because service had not been perfected on the infant defendants, can not uphold the decree.

APPEAL from Chambers Chancery Court.
Heard before Hon. N. S. GRAHAM.
The facts are stated in the opinion.

W. H. BARNES, for appellant.

J. J. ROBINSON, contra.

BRICKELL, C. J.—A decree in equity against infant defendants, necessary parties, having rights and interests materially affected by the decree, can not be supported when assailed on error, unless the record affirmatively shows that they have been brought before the court in the mode prescribed by the rules of practice, and the regular appointment of a guardian *ad litem* to represent and defend for them. These may, as in the present case, be an appearance for them, and an answer by a guardian *ad litem* recognized by the court. But if he comes in without the appointment of the court, or under an irregular appointment, or an appointment premature, because the court has not, in the mode prescribed by law, by service of process if the infant is a resident of the State, or, if a non-resident, by publication, acquired jurisdiction of the person, the decree can not be sustained.

The bill avers that Howell F. and Lucy C. Erwin, material defendants, heirs-at-law, and next of kin of Hezekiah F. Erwin, deceased, were infants over the age of fourteen years, and residents of the State of Georgia. An order of publication as to them was made by the register, on proper evidence of their infancy and non-residence. But if this

[Steele et als. v. Thompson, Adm'r.]

order was regularly perfected, it is not shown by the record. Without evidence that it had been perfected, the register proceeded to the appointment of a guardian *ad litem*, who accepted the appointment and appeared and answered. The appointment was irregular and premature, and compels a reversal of the decree.—1 Brick. Dig. 761, §§ 1819-20; 762, §§ 1823, 1828, 1829.

As this will render it necessary to retake the testimony in the cause, and as we can not know what testimony may hereafter be introduced, it would be a departure from the practice of the court to express an opinion upon the merits of the case.

Reversed and remanded.