# McCall *v.* McCurdy.

*Bill of Review for Errors of Law Apparent.*

| 69 | 65 |
| 99 | 459 |
| 69 | 65 |
| 121 | 485 |
| 69 | 65 |
| 130 | 241 |
| 130 | 243 |
| 131 | 76 |

1. *Bill of review; its object and effect.*—The object and effect of a bill of review, when filed because of error of law apparent, or because of newly discovered evidence pressing upon the matter in issue in the former suit, are the reversal of the decree, so far as it is erroneous, and to retry the cause upon the original record in the one case, or, in the other, upon the original and new proof.

2. *Same; its averments and prayer.*—In a bill of review for error of law apparent on the record, if the decree has not been carried into execution, the proper prayer is simply, that the decree may be reviewed and reversed; but if the decree has been executed, the facts touching the execution thereof should be stated, and the prayer of the bill should be for the further decree of the court, that the party complaining may be put in the condition in which he would have been, if the decree had not been executed.

3. *Same; difference in remedy thereby afforded from that of writ of error or appeal.*—A bill of review for error apparent, and a writ of error or an appeal, under our system, are not concurrent and co-extensive remedies. The errors which will support the former, are also available under the latter; but there are many errors and irregularities, which will work a reversal on error or appeal, that will not support a bill of review.

4. *Same; what errors will support.*—A bill of review can not rest merely on strict law, on errors of form, or mere irregularity of proceeding; but, in order to sustain such a bill, there must be error of substance,

[McCall v. McCurdy.]

error in the conclusions of the court on matters of law affecting the rights of the party complaining, and it must be apparent that he has suffered injury from the error.

5. *Same; assignment of errors.*—It is the settled practice, that, in a bill of review for errors apparent, the errors relied on for a reversal must be distinctly pointed out; and that none, other than those specifically assigned, will be noticed or considered.

· 6. *Same; what error will not support.*—The personal representative of the deceased mortgagor is a necessary party to a bill to foreclose, unless it is affirmatively shown that the personal assets can not, in any event, be made liable for any part of the mortgage debt; and the failure to make him a party may be taken advantage of by the heirs, by demurrer on the hearing, or on appeal; but it would not be error on which to found a bill of review, at their instance, unless it is shown, that the non-joinder has injuriously affected their rights.

7. *Appointment of administrator ad litem nugatory prior to statute authorizing it.*—The appointment of an administrator *ad litem* prior to the passage of the statute authorizing it, was nugatory, and conferred no right upon the party appointed to represent the decedent, of whose estate he was appointed such administrator.

8. *Infant defendants; when process can be served on their mother for them.*—When the widow of a deceased mortgagor is made a party to a bill for foreclosure, because an assignment of dower to her is prayed, her interest is not adverse to that of the infant heirs; and process for them, they residing with her, was, in such case, properly served on her under the former rule of practice. (Rule 20, Rev. Code, p. 825).

9. *Appointment of guardian ad litem; must affirmatively appear on appeal, but not so, on a bill of review.*—A decree against an infant will be reversed on error or appeal, unless the record affirmatively shows the appointment of a guardian *ad litem* for him, and such appointment will not be inferred from the fact that an answer was filed by a person styling himself guardian *ad litem;* but, when the record shows, that an answer was filed, and defense made, by a person acting as guardian *ad litem*, the failure of the record to show his appointment by the court, is not an error which will support a bill of review.

10. *Decree of foreclosure of mortgaged lands descended to infants; when error in will not support a bill of review.*—When lands, mortgaged by the ancestor, have descended to infants, it is error to render a decree of foreclosure and sale of such lands, when susceptible of division, without an inquiry by the register, upon a reference, whether a sale of the entire premises, or of a part only, is necessary, and if of a part only, what part it would be most beneficial to them to sell; and this error would reverse the decree on appeal; but it is not such an error as will support a bill of review, where it does not appear that any real injury was done to the infants by the omission to order the inquiry.

APPEAL from Lowndes Chancery Court.

Heard before Hon. JOHN A. FOSTER.

'On the 24th April, 1866, James D. McCall, being indebted to Georgia A. Reese, a minor, executed and delivered to her guardian, as security for such indebtedness, a mortgage on certain real estate in Lowndes county therein described. On 24th December, 1867, McCall died intestate, leaving a widow and minor children. On 2d July, 1868, the said Georgia A. Reese, then of age, filed her bill in the Chancery Court of Lowndes county for the purpose of foreclosing said mortgage and of having the widow's dower assigned to her, making parties de-

[McCall v. McCurdy.]

fendant thereto the widow and minor children of James D. McCall and one Phillip H. Cook, who is described in the bill as the administrator *ad litem* of James D. McCall, under the appointment of the Probate Court of said county. On 8th October, 1868, a decree was rendered in said cause assigning dower to the widow of McCall, foreclosing said mortgage, and ordering a sale of the property thereby conveyed, except the widow's dower. On 1st February, 1869, the lands embraced in the order of sale were sold by the register to Georgia A. Reese, and afterwards, on a confirmation of the sale by, and under the order of, the court, the register executed a deed conveying said lands to her. She was let into the possession of the lands embraced in her purchase about the time of the sale, and continued therein until about January, 1870, when she was married to Edmund S McCurdy; and since her marriage she and her husband have been in the possession of said lands. In September, 1881, James D. McCall, then twenty-three years of age, and Roland McCall, a minor, the only surviving heirs at law of the said James D. McCall, deceased, filed the bill in this cause against the said Georgia A. McCurdy, (formerly Reese) and her husband, setting up the foregoing facts, making a transcript of said foreclosure suit an exhibit, averring that there are no debts outstanding and unpaid against the estate of the said James D. McCall, deceased, and charging, that said decree of foreclosure and sale of said lands was and is invalid and unauthorized and illegal, for grounds set forth, and which, with the proceedings in said suit on which they are based, are sufficiently stated in the opinion.

The prayer of the bill is, that said decree of foreclosure, and the sale and proceedings had thereunder, be reviewed, reversed and annulled, and that complainants be restored to their rights, as if said decree had not been rendered, and the proceedings had not been had; that an account be taken of the amount due on the debt secured by said mortgage, and also of the value of the rents of said lands since they have been in the possession of the said Georgia A. McCurdy and her husband, and that she, as mortgagee, be charged with, and decreed to account for, the same; and for general relief. The defendants demurred to the bill, the principal grounds being, that the errors complained of in the bill were mere irregularities, and not such errors as would support a bill of review, and that the bill not only seeks to correct errors, but also seeks relief beyond the scope and purpose of a bill of review; and they also moved to dismiss the bill for want of equity. The Chancery Court, on the hearing, rendered a decree sustaining both the demurrer and the motion to dismiss, and dismissing the bill; and this decree is here assigned as error.

[McCall v. McCurdy.]

COOK & ENOCHS, and TROY & TOMPKINS, for appellants. (1). A bill of review may be filed for the double purpose of revising and reversing the decree complained of, and for placing the parties back into the situation they would have held, if said decree had not been carried into execution.—2 Dan. Ch. Pl. & Pr. p. 1580. (2). A bill of review is revisory and corrective in its nature and effects; and there are many points of analogy between such a bill and an appeal.—Lube's Eq. Pl. by Wheeler, pp. 177, 178–9, 180–1; and note (1) on p. 177. This proceeding is, therefore, not a collateral attack upon the decree sought to be reversed, but is as direct a remedy as that by appeal or writ of error. (3). The personal representative of a deceased mortgagor is a necessary party to a bill to foreclose; and the failure to make him a party is fatal to the decree.—*Dooly v. Villalonga*, 61 Ala. 129. (4). At the time of the filing of the bill for foreclosure, the statute authorizing the appointment of administrators *ad litem* had not been enacted. (5). The record must affirmatively show the appointment of a guardian *ad litem* for infant defendants, or the decree can not be sustained.—*Darrington v. Borland*, 3 Port. 9; *Rowland v. Jones*, 62 Ala. 322. (6). It is error for a court, in a suit for the foreclosure of a mortgage of lands descended to infants, to decree a sale of the whole premises in absence of report by the register ascertaining whether the amount due could not be raised by a sale of a part, instead of the whole.—*Eslava v. Lepretre*, 21 Ala. 504; *Fry v. Merchants Ins. Co.*, 15 Ala. 810.

CLOPTON, HERBERT & CHAMBERS, *contra.*—(1). The bill in this case is an original bill for redemption, partaking, in some respects, of the nature of a bill of review. Its purpose is not to correct or reverse the decree because of error upon its face, but to review, reverse and annul it, because of certain alleged *irregularities* and *defects in the proceedings*, on account of which, it is averred that the decree of foreclosure and of sale is invalid, unauthorized and illegal; and it seeks to remove such decree and sale as obstructions to redeeming.—*Ex parte Smith*, 34 Ala. 455; *Goodman v. Tennessee Manf'g Co.*, 1 Head (Tenn.), 172; *Groce v. Field*, 13 Ga. 24; *Turner v. Berry*, 8 Ill. 541; *Randon v. Cartwright*, 3 Tex. 267; *Gardner v. Emerson*, 40 Ill. 296. (2). All the errors alleged in the bill as apparent, are mere irregularities in the proceedings, sufficient on appeal, but insufficient to support a bill of review. The non-joinder of the administrator of the mortgagor can not support the bill, unless it be shown, that injury or mischief resulted to the complainants. This has not been done.— *Whiting v. Bank of United States*, 13 Peters, 6–14. (3). The mother's interest was not adverse to that of the minors, and process served on her

[McCall v. McCurdy.]

for them, brought them into court; and it thereupon became the duty of the court, being general guardian for all infants, to take charge of and protect their interests.—*Preston v. Dunn,* 25 Ala. 507; *Tabor v. Lorance,* 53 Ala. 543; *Stabler v. Cook,* 57 Ala. 22. The appointment of guardian *ad litem,* if made without service and otherwise irregular, does not render the decree void.—*Bondurant v. Sibley's Heirs,* 27 Ala. 565. While the record fails to show the order of appointment, it shows that a guardian *ad litem* did in fact represent the infants. In such case, the decree not being void, the failure of the record to show a formal order of appointment, though reversible error on appeal, is not such an error as will support a bill of review. *Rhoads v. Rhoads,* 43 Ill. 239; *Frierson v. Travis,* 39 Ala. 150. (4). The "error apparent" necessary to a bill of review, is error in the final decree. The whole record, other than the evidence, may be looked to, not for the purpose of ascertaining merely whether there be irregularities and defects in the interlocutory orders and proceedings preceding the decree; but for the purpose of ascertaining whether there be "*errer apparent*" upon the face of *the final decree;* or if error, whether it is not an erroneous judgment of the chancellor.—*McDougald v. Dougherty,* 39 Ala. 409; *Noble v. Hallonquist,* 53 Ala. 229; *Tankersley v. Pettis,* 61 Ala. 354. If there be no error in the decree, error in sale thereunder will not support a bill of review. *Whiting v. Bank of United States,* 13 Peters, 14. Nor errors in interlocutory orders.—*Field v. Williamson,* 4 Sandf. Ch. (N. Y.) 613; 2 Barb. Ch. Pr. 93. (5). "No party to a decree can, *by the general principles of equity,* claim a reversal of a decree upon a *bill of review,* unless *he has been aggrieved by it,* whatever may have been his rights to insist on the error at the original hearing, or on appeal."— *Whiting v. Bank of United States, supra; Yeager's Appeal,* 34 Penn. St. 173.

BRICKELL, C. J.—The objects and effect of a bill of review, when filed because of error of law apparent, or because of newly discovered evidence pressing upon the matter in issue in the former suit, are the reversal of the decree, so far as it is erroneous, and to retry the cause upon the original record in the one case, or, in the other, upon the original and new proof. The present bill, in form and substance, has the essential and distinguishing properties and qualities of a bill of review for error of law apparent, and is without the qualities or properties of a bill impeaching a decree for fraud, and, of consequence, its annulment *in toto.* There is no averment of any fact or circumstance implicating the party obtaining the decree in fraudulent conduct or motive. The scope of inquiry opened by the bill, so far as it relates to the decree is, whether there is

error apparent upon the record, aggrieving the complainants,. entitling them to a reversal. The decree having been carried into execution,— a sale of the lands made under it; a convey-ance executed; and the purchaser, the party in whose favor the decree was rendered, let into possession, taking the rents and profits,—the facts are stated, accompanied with a prayer for re-demption, an account of the rents and profits, and their appli-cation to the payment of the mortgage debt, so that, if there should be a reversal of the decree, the parties complaining may be placed in the situation and condition in which they would have been, if the decree had not been executed: This is not, as is suggested in one of the causes of demurrer assigned, and in the argument of the counsel for the appellees, the introduc-tion of matter which may not be incorporated in a bill of re-view, and relief prayed beyond the objects and purposes of such a bill. When the decree has not, in the point and matter complained of, been carried into execution, the proper prayer of a bill of review is, simply that the decree may be reviewed and reversed. But, when it has been carried into execution,. and a simple reversal will not repair the injury resulting from it, a prayer for the further decree of the court to put the party complaining into the condition in which he would have been if the decree had not been executed, is proper and usual.—Story's Eq. Pl. § 420; Mitford's Eq. Pl. 188. The restoration of par-ties to the plight and condition in which they were, at and prior to the rendition of an erroneous judgment or decree, and the restitution of all advantages the party obtaining it may have acquired by its enforcement, upon reversal, it is the spirit and policy of the law to promote and compel, when there are not facts or circumstances which may render restitution inequitable. 3 Bac. Ab. *Error*, *Sec.* 3, 389; Freeman on Judgments, § 482; *Marks v. Cowles*, 61 Ala. 299. In *Bank of U. S. v. Bank of Washington*, 6 Peters, 17, it is said :. " On the reversal of the judgment, the law raises an obligation on the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has· lost. And the mode of proceeding to effect this object must be reg-ulated according to circumstances." If there be error of law apparent on the record, of injury to the party complaining, for which the decree should be reversed,. the court would not be administering complete justice, would not quiet litigation, if it halted at a simple reversal, remitting the complainants to an-other suit for the vacation of the sale and conveyance of the lands, a redemption, and account of the rents and profits. All persons affected by the decree are before the court, and the bill, so far as it states the facts subsequent to the decree, may be re-garded as a supplemental bill, which may be properly added to,

or connected with a bill of review, when facts may have occurred rendering it necessary. The bill is then a compound bill of review and of supplement.— *Whiting v. Bank U. S.*, 13 Peters, 6; *Bank of U. S. v. Ritchie*, 8 Peters, 128.

There is much of difficulty in defining the errors of law apparent on the face of the decree, which will support a bill of review. The bill partakes of the nature of a writ of error, or of an appeal, in our system, the substitute for a writ of error. Though of the nature of a writ of error, which is said to have led to its introduction into the practice and procedure of courts of equity, and though each is a remedy for the revision and correction of errors in final decrees, it can not be said they are concurrent and co-extensive remedies.—*Green v. Jenkins*, 1 De G., F. & J. 454. The errors upon which a bill of review may be founded, would be open to examination and correction on a writ of error. There are, however, errors which will support the writ, not available as a basis for the bill. On a writ of error, the whole record is drawn under the consideration of the court, and advantage may be taken of all errors or irregularities which may have intervened in the course of the proceedings, if they have not been waived, as well as errors apparent. The error of the decree in any respect, whether it be of law or of fact, is open to inquiry and to correction. The errors which will support a bill of review are errors of law *apparent* on the face of the decree. There must be error in substance, of prejudice to the party complaining, apparent on the face of the pleadings, proceedings or decree.—*Yeager's Appeal*, 34 Penn. St. 173. Or, as it is expressed in 2 Dan. Ch. Pr. 1576, "the decree complained of, must be contrary to some statutory enactment, or some principle or rule of law or equity, recognized and acknowledged, or settled by decision, or be at variance with the forms and practice of the court."— *Whiting v, Bank U. S.*, 13 Peters, 6; *Buffington v. Harvey*, 95 U. S. 99; *McDougald v. Dougherty*, 39 Ala. 409; *P. & M. Bank v. Dundas*, 10 Ala. 661; *Tankersley v. Pettis*, 61 Ala. 354. Though it is said, error apparent exists, when the decree is at variance with the forms and practice of the court, it must not be understood that the bill can be maintained because of matter of form, or that the propriety of the decree can be questioned.—Story's Eq. Pl. § 411; 2 Dan. Ch. 1577; *Green v. Jenkins, supra; Haig v. Homan*, 8 Cl. & Fin. 320. Comparing the decree with the pleadings and other proceedings, it must be apparent that the court has reached and declared an erroneous conclusion of law, as to the rights of the parties. Whatever of error other than this, which may have intervened—errors in the regularity of the proceedings, erroneous deductions from the evidence—must be corrected by writ of error, or by appeal; it is not the office of

[McCall v. McCurdy.]

a bill of review to inquire into and correct them.—*Finley v. Taylor*, 8 Baxter, (Tenn.) 237; *Berdanatti v. Sexton*, 2 Tenn. Ch. 699; *Winston v. Johnson*, 2 Mumf. 305.

If a bill of review for error apparent was not limited and confined in the scope of its inquiry to the class of errors we have indicated,—if it stood upon the same footing and had the same office as a writ of error—if it would lie to retry the cause merely because the court had erred in its apprehension and construction of the evidence, or because mere irregularity in the course of the proceedings had supervened, litigation would be protracted, and the policy of the statute limiting appeals to a short term, without an exception in favor of persons laboring under disability, excepted from the statute limiting bills of review, would be contravened and often defeated.

It is the settled practice upon a bill of review for errors apparent, that the errors relied on for a reversal must be distincly pointed out in the bill, and no others than such as are specifically assigned will be noticed or considered.—*Moore v. Moore*, 2 Vesey, Sr. 598; *Green v. Jenkins*, 1 De G., F. &. J. 454; *L. & M. R. R. Co. v. Rainey*, 7 Caldw. 447; *Berdanatti. v. Sexton, supra; Gilchrist v. Buie*, 1 Dev. & Bat. Eq. 359   The bill can be maintained only by parties having an interest affected by the decree.   And even parties having an interest must be aggrieved by the particular errors assigned, or the bill can not be maintained, whatever may have been the right to insist on such errors at the original hearing, or on a writ of error or appeal. *Whiting v. U. S. Bank*, 13 Peters. 6; *Gilchrist v. Buie, supra; Lansing v. Albany Ins. Co.*, Hopkins Ch. 102.

Without subjecting to rigorous criticism the specific assignment of errors found in the bill, accepting them in the sense in which the pleader intended they should be taken, we will examine them separately.

The first is, that the personal representative of the deceased mortgagor was not made a party defendant to the former suit. When it is not shown that the personal representative is without interest; that the personal assets can not in any event be made liable for the payment of the mortgage debt, because it is barred by the statute of non-claim, or by the statute of limitations, or from some other cause, he is a necessary party to a bill to foreclose.   The omission to make him a party may be taken advantage of by the heir on demurrer, or on the hearing; and it is a defect of which the court will on appeal, *ex mero motu*, take notice.—*Dooley v. Villalonga*, 61 Ala. 129.   There was an administrator *ad litem* of the deceased mortgagor (as he is styled in the pleadings), deriving his appointment from the court of probate, made a party defendant to the original bill. When the bill was filed and the decree rendered, there was no

[McCall v. McCurdy.]

such administrator or administration known to our laws, and the appointment of such an administrator was nugatory, conferring no right to represent the deceased.—*Dooley v. Villalonga, supra.* The reason the presence of the personal representative is necessary on a bill to foreclose is, that as the personal assets may be made liable for any balance of the debt unsatisfied by a sale of the mortgaged premises, he ought to have the opportunity of controverting the debt, or of proving its payment, in whole or in part. A further reason is that the statutes charge him with duties in reference to the lands of his testator or intestate, the renting or sale of them for the payment of debts, and he ought to have the opportunity of preventing any improper sale of them, or any unjust divestiture of the estate residing in the testator or intestate at the time of his death, whether the estate is legal or equitable. It is apparent that the reasons for making the personal representative a party to a bill for foreclosure pertain wholly to the rights and duties of his administration, and though the omission to make him a party could be insisted on by the heirs by demurrer, on the hearing, or on appeal, it can not be made the ground of error on a bill of review, unless it is shown that the non-joinder has affected their rights—that if he had been a party, the decree would then have been in point of law erroneous.— *Whiting v. U. S. Bank, supra.* No such injury is shown by the bill, or could possibly be asserted. The debt and mortgage are established by the decree, and must have been established if the personal representative had been a party. How far the decree may affect the personal representative, it will be time enough to inquire when he complains of and seeks redress against it. The complainants in the present bill have not suffered prejudice from it, and can not complain of it in this mode.

The second assignment of error is, that the complainants, who are infants, were not properly made parties, process for them being served on the mother, who was adverse in interest to them. It is enough to say of this assignment, that it is not supported by the record. The original bill avers the complainants were infants, under fourteen years of age, residing with their mother. The rule of practice in courts of chancery, of force when the bill was filed, (Rule 20, R. C. 1867, p. 825,) required that summons against infants issuing on bills should be served upon their parents, or either of them, if in life. The father being dead, the mother was the only party upon whom the process could be served. As to the foreclosure and sale of the mortgaged premises, the only point and matter in which the decree is complained of, she was without interest, and was not a proper party to the bill. She was a party solely because an assignment of dower to her was prayed.

The third assignment of error is founded on the failure of the record to disclose that the guardian *ad litem*, appearing for the complainants, making defense, answering and putting in issue the allegations of the bill, was appointed by the court. The representation of infants in judicial proceedings is matter of necessity. Their rights and interests will become involved in litigation, and are as subject to the jurisdiction of courts as are the rights and interests of adults. The courts observe great caution in adjudicating against them, and are vigilant in protecting them. A guardian *ad litem* appointed by the court, in the presence and under the supervision of the court, makes full defense for them, and can not, by any act, admission, or omission, prejudice the defense. The protective care of the court, and the fidelity of the guardian is a security against unjust judgments depriving them of their rights. It is true, that when a decree against an infant is assailed by appeal or writ of error, the record must affirmatively show the appointment of a guardian *ad litem*, or it will be reversed. The appointment will not be inferred from the fact that an answer is filed by one styling himself such guardian.—*Darrington v. Borland*, 3 Porter,.9; *Rowland v. Jones*, 62 Ala. 322. Conceding all this, an error of this kind directed against the regularity of the proceedings, not affecting the merits, is not the error apparent, upon which a bill of review can be founded. The Court of Chancery is the guardian of all infants within its jurisdiction, or who are parties to judicial proceedings conducted before it. When it suffers a representation for the infants, permits defense to be made, and the suit to progress to a final decree, the error of not making a formal appointment, or if it is made, not causing it to be entered of record, is mere irregularity, error of form,. rather than of substance. We are aware of no authority which would authorize the impeachment of the decree because of such irregularity, as error apparent, supporting a bill of review.

The fourth assignment of error is not supported by the record. There were no consents or admissions made by the guardian *ad litem*. The consents and admissions found in the record were made by the solicitors of the complainants in the original suit,. and had no reference to any matter involved in the decree of foreclosure and sale.

The fifth and last assignment of error is, that a sale of the entire premises was ordered, without a reference to the register to ascertain and report whether a sale of the whole, or only a. part, was necessary for the payment of the mortgage debt. In *Fry v. Merchants Ins. Co.*, 15 Ala. 810, it was decided, that it was error to decree a foreclosure of a mortgage, and a sale of lands descending to infants, without an inquiry whether a sale of the whole, or of a part only, was necessary to pay the debt;

[Mooney v. Walter.]

and, if a part only, what part it would be most beneficial to them to sell. The rule is capable of application, only when the lands are susceptible of partition, or division, or when they consist of several distinct parcels.—2 Jones' Mort. § 1616 *et seq.* Upon the face of the record it does not appear that any real injury was done the infants by the omission to order the inquiry. It does not appear, and it could appear only from evidence, that the lands had ever been used in separate parcels. The fair inference, if inference could be resorted to, is, that they were held, used, and conveyed as one plantation; and it does not appear that they were capable of partition without lessening the value. Nor is it apparent that, if sold in parcels, they would have commanded any larger sum than was realized by the sale made. Without disturbing the authority, or departing from the case of *Fry v Merchants Insurance Co., supra,* however available as an assignment of error the omission to order the inquiry would be on appeal, it is not error apparent which will support a bill of review. Such a bill can not rest merely on strict law, on errors of form, or mere irregularity of proceeding. There must be error of substance—error in the conclusions of the court on matter of law affecting the rights of the parties, and it must be apparent that injury has resulted from the error.—*Haig v. Homan,* 8 Cl. & Fin. 320; *Tommey v. White,* 1 H. L. Cases, 164. *Berdanatti v. Sexton,* 2 Tenn. Ch. 706; *Whiting v. U. S. Bank,* 13 Peters, 6; *P. & M. Bank v. Dundas,* 10 Ala. 661. Litigation can not be kept open—the finality of the decrees of courts determining the rights of parties can not rest on doubt or suspense, at the mere will or caprice of parties, subject to be disturbed only if circumstances render it to their interest, the same circumstances rendering it inequitable to their adversaries, for mere errors in the course of judicial proceedings, not appearing to work substantial injury.

The errors assigned in the bill did not authorize a review and reversal of the former decree, and the demurrer to them was properly sustained.

Affirmed.