# Woods v. Montevallo Coal & Transportation Co.

### *Bill in Equity to Enjoin Action at Law.*

1.  *On appeal record must show that infant defendant was brought in pursuant to statute and rules of practice.*—When a decree against an infant defendant is assailed on error, it can not be supported unless the record shows affirmatively, that, in the precise mode the statute and rules of practice prescribe, the infant has been brought before the court, and a guardian *ad litem* has been appointed to represent him and to defend in his behalf.

2.  *Same; as to non-resident infant defendant.*—Where, in a suit in equity against a non-resident infant to enjoin the prosecution of an ejectment suit, the record fails to show that an order of publication was made, or that a guardian *ad litem* was appointed for defendant, but only shows that his next friend in the ejectment suit, styling himself "guardian *ad litem*," defended in his behalf, a decree for complainant is void for want of jurisdiction of defendant.

APPEAL from the Chancery Court of Shelby.

Heard before the Hon. S. K. McSPADDEN.

W. S. CARY, for the appellant.—The appellant, respondent below, was a non-resident minor heir. Proof of publication was not perfected in the manner prescribed by the rule of practice. For this reason, the case will be reversed and remanded. The court will not, probably, decide the case upon its merits, and for this cause we here cite authorities bearing on the

point in question. ''The record must by recitals in the decree or otherwise affirmatively show that publication was ordered and perfected in the mode prescribed by the statute and rules of practice.''—1 Brick. Dig., p. 764, §§ 1829, 1850-1-2; 3 Brick. Dig., p. 374, § 112; *Rowland v. Jones*, 62 Ala. 322; *Irwin v. Irwin*, 57 Ala. 64.

TOMPKINS & TROY and HENRY WILSON, for the appellee.

BRICKELL, C. J.—There is an error apparent on the face of the record, not affecting the conclusions of the chancellor as to the equities of the parties, and which could not have intervened if his attention had been directed to the regularity, or rather to the want of all regularity, in the mode of bringing the material defendant before the court. The defendant was an infant residing without the State, and it was only by publication in the mode prescribed by the statute, and the subsequent appointment of a guardian *ad litem* for her, in conformity to the rules of chancery practice, that the court could acquire jurisdiction to render a decree against her, not infected with error. When a decree against an infant defendant is assailed on error, the uniform ruling of the court has been that it cannot be supported unless the record shows affirmatively, that, in the precise mode the statutes and rules of practice prescribe, the infant has been brought before the court, and to represent and defend in his behalf a guardian *ad litem* has been appointed.—*Rowland v. Jones*, 62 Ala. 322, and authorities cited. The record does not disclose that an order of publication was made as to the infant defendant, or if such order was made that there was compliance with it, and that a guardian *ad litem* was appointed to represent and defend for her. All that appears is, that her next friend in the action of ejectment in which the judgment sought to be enjoined was rendered, appeared of his own will and, styling himself guardian *ad litem*, made defense for her. The whole proceeding was irregular, and the irregularity compels a reversal of the decree. It may be, this conclusion will necessitate retaking the testimony, as it of necessity opens the door for the introduction of further evidence by the appellant. It would be a departure from the practice of the court to

[Read *et al.* v. Rowan.]

consider and express an opinion upon the merits of the case.

Reversed and remanded.