# Winkleman *v.* White, *et al.*

## *Bill for Review.*

(Decided July 6th, 1906. 42 So. Rep. 411.)

1. *Equity; Bill of Review; Presumptions; Record.*—The fact that the record was silent as to the filing of the bond as required by Section 759, Code 1896, before the sale, the defendant having been brought in by publication only, and the sale having taken place within twelve months after the decree, is no ground for reviewing the decree of foreclosure; the presumption being that the bond was given.

2. *Mortgages; Action for Foreclosure; Reference; Notice to Defendant.*—It is unnecessary to give notice of a reference to be held in a suit for the foreclosure of a mortgage-to a defendant who is in default.

3. *Equity; Bill of Review; Scope of Review; Notice of Reference.*—The failure to give a defendant notice of a reference in a foreclosure suit is a mere irregularity, which cannot be taken advantage of by bill for review.

4. *Same; Form of Decree.*—The fact that the foreclosure decree omitted the direction that a copy of the same be sent to a defendant is not ground for reviewing the decree, on a bill for review.

5. *Same; Repugnancy of Bill.*—It is not a good objection, on a bill for review, that a bill for foreclosure of a mortgage or to enforce a vendor's lien was filed in a double aspect and that the relief in each would not be identical.

6. *Same; Pleading; Repugnancy.*—A bill is not repugnant that seeks to foreclose a mortgage, or in the alternative, to enforce a vendor's lien.

7. *Same; Bill of Review; Pleading; Presumption.*—A bill of review brought more than twelve months after the decree does not show error in rendering the decree of foreclosure, sought to be reviewed, because the bill in the foreclosure suit did not contain averment as to the residence of a husband who failed to join in his wife's mortgage; there being no presumption that the husband was a resident of this State, and that the mortgage was invalid under Section 2348, Code 1896, especially in view of the fact that the decree becomes absolute as to a defendant properly brought in after the lapse of twelve months, under Section 753, Code 1896.

31

8. *Same; Allowance of Attorney's Fee.*—This court being unable to know the evidence on which the register based his report, or to review it if known, cannot say, on a bill for review, that there was error apparent in the allowance of a five hundred dollar attorney's fee for foreclosure of mortgage. A wrong conclusion drawn by the court from the evidence will not reverse the decree, on bill for review.

9. *Same; Signature to the Bill.*—The fact that the foot-note to the bill for foreclosure was not signed by counsel; being, as it was, an amendable defect, and a defect waived unless taken advantage of by demurrer, and it not appearing that demurrer was filed thereto, is not ground to review the decree of foreclosure, on bill for review.

10. *Mortgages; Actions for Foreclosure; Necessity for Cross Bill.*— In a foreclosure suit, filed by the holder of two of several notes secured by a mortgage, affirmative relief may be granted to the holders of all the other notes, and the priority of liens declared, without a cross bill filed by the holders of the other note.

APPEAL from Birmingham City Court.

Heard before Hon. W. W. WILKERSON.

This was a bill filed by Maggie C. Winkleman against Frank S. White and others for review of a decree, the facts of which sufficiently appear in the opinion of the court.

JAMES E. WEBB, and LEADBEATTER & JOHNSON, for appellant.—The court erred in sustaining the demurrers on the following grounds: 1st. The decree sought to be reviewed was rendered upon a bill alleging inconsistent repugnant claims for relief and no decree pro confesso nor final decree could be rendered.—*City of Eufaula v. Mc-Nab*, 67 Ala. 588; *Heinz v. White*, 105 Ala. 670; *Moog v. Talcot*, 72 Ala. 210; *Micou v. Ashurst*, 55 Ala. 606; *Watts v. Eufaula National Bank*, 76 Ala. 474.

The court erred in the original decree here sought to be reviewed in granting the foreclosure of the mortgage executed by Mrs. Winkleman. Her husband did not join with her as required by Sec. 2348, code 1896.—*Davidson v. Cock*, 112 Ala. 510; *Johnson v. Goff*, 116 Ala. 648. Nor could relief be granted for a vendor's lien on account

of the independent security taken on the notes.—*Kyle v. Bellinger,* 79 Ala. 516; *Ramage v. Towles* 85 Ala. 588; *Donegan v. Hentz,* 70 Ala. 437; *Woodall v. Kelly,* 85 Ala. 368; *Kinney v. Ensminger,* 94 Ala. 536; *Hammett v. Strickland,* 99 Ala. 616. The provision in the mortgage provided for attorney's fees only in case of foreclosure under power and the court improperly allowed attorney's fees for the foreclosure in chancery.—*Bynum v. Call,* 96 Ala. 200; *Lehman v. Comer,* 89 Ala. 579; *McCall v. Mortgage Co.,* 99 Ala. 427; *Pollard v. Mortgage Co.,* 120. Ala. 1. Aside from the mortgage, and in the absence of the vendor's lien, the original complainant is not entitled to attorney's fee for collecting the note. The notes of themselves could not have been collected in chancery, hence, the court erred in affirming the register's report allowing $500.00 as attorney's fees in the decree sought to be reveiwed.—*Tedder v. Steele,* 70 Ala. 347; *Kyle v. Bellinger, supra; Thompkins v. Drennen,* 95 Ala. 463. The court erred in its original decree in confirming the sale of appellant's lands made by the register without requiring bond under Sec. 759 of the code. Such sale is voidable and may be reviewed when made in defiance of the statute.—*Seely v. Smith,* 85 Ala. 25; *Ashford v. Patton,* 70 Ala. 179; *Dougal v. Dougherty,* 39 Ala. 409.

GEO. A. EVINS and H. C. SELHEIMER, for appellee.—In order to sustain a bill for review the error must affirmatively appear on the record.—*Tankersly v. Pettis,* 61 Ala. 356; *McDougal v. Dougherty,* 39 Ala. 409; *Noble v. Hallonquist,* 53 Ala. 233; *P. & M. Bank v. Dundas,* 10 Ala. 661; *McCall v. McCurdy,* 69 Ala. 71; *Jordan v. Hardie,* 31 So. Rep. 505.

The evidence is not part of the record which may be referred to to show error apparent.—*Jordan v. Hardy,* 31 So. Rep. 506; *McDougal v. Dougherty,* 39 Ala. 409. Every presumption must be indulged in favor of the correctness of the former judgment which is not repelled affirmatively by the record.—*George v. George,* 67 Ala. 196; *Goldby v. Goldby,* Ib. 564; *Jordan v. Hardy, supra.* Not only must the record show error but it must show

that such error was injurious to the party complainant. —Authorities next above; *McCall v. McCurdy*, 69 Ala. 65; *Allgood v. Bank*, 29 So. Rep. 855. A mortgage given by a married woman for the purchase money of the land mortgaged, though it be invalid for some reason is in equity a valid security for the purchase money.—*Lammons v. Allen*, 88 Ala. 413. Prior to the act amending Sec. 2348, code 1896, a married woman could make a valid mortgage of her land.—*Hamil v. A. & F. Co.*, 127 Ala. 90. Where husband and wife are both non residents the husband need not join in the alienation.—*High v. Whitfield*, 30 So. Rep. 450. Coverture is no defense to a mortgage given to secure purchase money, and it is immaterial whether the decree foreclosed the mortgage or enforced the vendor's lien.—*Joseph v. Decatur Land Co.*, 102 Ala. 346; *Wadsworth v. Hodge*, 88 Ala. 503; *Strong v. Waddell*, 56 Ala. 472. On a bill for review it will be presumed that the bond was given to authorize a sale against the non-resident.—*Seeleye v. Smith, supra.*

The failure to execute the bond provided for in Sec. 759 of the code is not ground for bill of review.—*Seelye v. Smith,* 85 Ala. 32; *Holly v. Bass,* 63 Ala. 387; *Sayre v. Elyton Co.,* 73 Ala. 85. The sale in this case might have been decreed on the prayer of the defendantst, who made their answers cross-bills, even if the original bill had been dismissed.—*Abels v. Bank,* 92 Ala. 386. The original bill and cross-bill constitute one suit.—*Ayers v. Chicago,* 101 U. S. 187; *Ex parte R. R. Co.,* 95 U. S. 225; *Ayers v. Carver,* 17 How. 591.

Where several notes are secured by the same mortgage, and assigned at different times, the assignee of the note first assignd is entitled to be paid first.—*Knight v. Ray,* 71 Ala. 383; *Ala. Gold Ins. Co. v. Hall,* 58 Ala. 1; *Parsons v. Martin,* 86 Ala. 352.

TYSON, J.—This is a case of a bill of review filed by appellant in the city court of Birmingham to which a demurrer was sustained, and the appeal is to reverse the decree dismissing the bill.

The bill in the original suit was filed by F. S. White, in a double aspect, to foreclose a mortgage and enforce

a vendor's lien, against the appellant and others. It was alleged that White held a mortgage on the land in question, made by one Fitts for about the sum of $2,500; that Fitts sold the land to appellant for a consideration of $40,000 which was paid, except as to $15,000, and that to secure this six promissory notes were executed by appellant, maturing at different times, and that two of these notes, the last due, but the first assigned, were transferred to White by Fitts; and that in consideration of this he (White) marked "Satisfied" the original mortgage which Fitts had given him. The said six notes were secured by a mortgage made by the appellant, who is and was a married woman; but her husband, though signing the mortgage, did not otherwise join in the conveyance, his name not being mentioned in the body of the instrument. The notes and mortgage were executed on September 8, 1891. The bill was filed to foreclose the mortgage to satisfy the two notes transferred to White, and, that failing, to enforce the vendor's lien originally held by Fitts for the payment of the notes as representing that much of the purchase money to be paid for the land. The notes were signed by the appellant and her husband, and were duly assigned by Fitts, the payee. The notes contained a waiver of exemption and a stipulation to "pay all costs for collecting the above (debt), including reasonable attorney's fees, on failure to pay at maturity," and the mortgage provided that if default was made in paying the notes in whole or in part, the mortgagee, or her agents or assigns, after giving prescribed notice, were authorized to sell the property at auction for cash at the courthouse door, "and the proceeds to be devoted to the payment, first, the expense of advertising and selling and the payment of a reasonable attorney's fee for foreclosing this mortgage," etc. The appellant and her husband, and the holders of the other notes and the assignor of the notes and her husband, all of whom were nonresidents, were made parties defendant. The bill prayed for publication as to the defendants; that complainant's debt be ascertained; also the amount due the residents on the purchase-money notes held by

them, "and that reference be had to ascertain the amount due complainant as solicitor's fees; that a vendor's lien be declared and established in favor of the holders of the above-described purchase-money notes for the amount due each of them, respectively, in said land"; that the priorities of the holders of notes be determined; that the makers be required to pay, and in default that the land be sold and the mortgage foreclosed; that complainant be declared to have a first lien, and that the holders of notes be allowed to purchase and satisfy their bid by the amount of the proceeds of sale to which they would be entitled on a sale for cash; and for general relief. The footnote of the bill was not signed by counsel.

A decree pro confesso was rendered against appellant and three other defendants, including her husband, on publication. The other three defendants, who were holders of notes secured by the mortgage sought to be foreclosed, answered, and sought to make their answers cross-bills; but they made no parties, and no proceedings whatever were taken thereon in the cause, except that as to complainant White and some others, including appellant, papers purporting to be appearances to the cross-bill were filed. The cause was submitted for final decree on the pleadings and evidence and decree pro confesso on the original bill against appellant and her husband and two other defendants on publication, and a decree was rendered holding that complainant was entitled to relief, and referring it to the register to report: (1) The amount of the complainant's debt, represented by two notes held by him, not to include solicitor's fees. (2) What would be a reasonable attorney's fee for collecting the notes sued on by foreclosing the mortgage. (3) The amounts due the other holders of notes. (4) What would be a reasonable attorney's fee for collecting the notes held by them on foreclosure of said mortgage. The register made a report in pursuance of the order, reporting $4,687.40 of debt due complainant White and $500 as an attorney's fee; $2,895.37 of debt due Webber, one of the defendants; $9,482 of debt due Robinson, as executor, another defendant; and $4,585.57 as due Cook, another

[Winkleman v. White, *et al.*]

defendant. This report was made on December 10, 1898, was confirmed, and afterwards, on April 18, 1899, a final decree rendered, by which the complainant was given a priority of payment, and it was decreed that complainant was entitled to have the mortgage foreclosed and the property sold for the payment of all the notes secured by the mortgage; and thereupon the court found the complainant's debt, including the attorney's fee of $500, to be $5,187.40, with interest thereon from the date of the report (December 10, 1898), and also found due to defendant Webber $2,895.37, with interest from date of report, making $2,927.25, and the defendant Cook $4,588.-57, with interest, making $4,627.84, and to defendant Robinson $9,482.66, which, with interest, made $9,585.82, as of the date of the decree, and thereupon further decreed that said several sums, with costs of suit, should be paid in 30 days, and that on default the property should be sold by the register. The register on June 13, 1899, reported a sale of the land to complainant White for $5,530.75 as having been made on June 12th, the day preceding. On June 17th, five days thereafter, the sale was confirmed. The appellant did not appear in any of the proceedings on the original bill.

The difference between a bill of review and an appeal or writ of error is stated clearly in the case of *McCall v. McCurdy*, 69 Ala. 65. In the case of appeal or error "the whole record is drawn under consideration of the court, and advantage may be taken of all errors or irregularities which may have intervened in the course of the proceedings, if they have not been waived," including all such as might be urged on review. "The error of the decree in any respect, whether it be of law or fact, is open to inquiry and correction." And, if error is shown, there is presumption of injury, and to avoid a reversal it must clearly appear from the record that there is no injury:— *Deery v. Gray*, 5 Wall. (U. S.) 807, 18 L. Ed. 653; *Smith v. Shoemaker*, 17 Wall. 639, 21 L. Ed. 717. But in bill of review no mere irregularity, or impropriety, or wrong conclusion from the evidence, is available to reverse. "There must be error in substance, of prejudice

to the party complaining, apparent on the face of the pleadings, proceedings, or decree." "Comparing the decree with the pleadings and other proceedings, it must be apparent that the court has reached and declared an erroneous conclusion of law as to the right of the parties. Whatever of other errors than this which have intervened, errors in the regularity of the proceedings, erroneous deductions from the evidence, must be corrected by writ of error or by appeal. It is not the office of a bill of review to enquire into and correct."—*McCall v. Mc-Curday, supra.*

It is first insisted in this case that, the complainant being brought in by publication only, no sale should have taken place under 12 months without bond being given as required by section 759 of the code of 1896. The giving of a bond as a preliminary to the execution of the decree is a matter which occurs after the rendition of the decree, and the absence of any record notice of such bond would not be ground for reversal on bill of review. The presumption would be that a bond was given; and, if not given, the remedy would be such as is indicated in *Seelye v. Smith,* 85 Ala. 32, 4 South. 664; *Sayre v. Elyton Land Co.,* 73 Ala. 85, and *Holloy v. Bass' Adm'r,* 63 Ala. 387.

It is also urged that no notice was given to complainant of the reference. But, being in default, no notice was necessary, if none was given.—Rule 92 of Chancery Practice. And, besides, such matter would be a mere irregularity, which could not be reached on bill of review. Nor would the omission in the decree of a direction for a copy to be sent the appellant be ground of reversal on review, since it would not on appeal.—*Holly v. Bass' Adm'r,* 63 Ala. 387.

The objection that the bill was filed in two aspects, and that the relief in each would not be identical, is one going to the form of the bill, and would not be good on bill of review, when the question is as to error and injury in the relief granted. But we do not understand the law to be that in alternative aspects the relief must be the same in either, though there are some expressions to that

[Winkleman v. White, *et al.*]

effect in some of the cases.—*Micou v. Ashurst,* 55 Ala. 607. The true rule is that relief of the same general character must be allowable in each aspect. Here the relief is of the same character in each aspect, viz., to charge the same debt on the same land against the same parties, but by alternative rights—by the mortgage, if valid; by a vendor's lien, if invalid. There is no repugnancy in such a bill.—*Joseph v. Decatur Land Imp. & F. Co.,* 102 Ala. 346, 14 South. 739; *Romanoff Mining Co. v. Cameron,* 137 Ala. 214, 33 South. 864; *Dickerson v. Winslow,* 97 Ala. 451, 11 South. 918; *Tipton v. Wortham,* 93 Ala. 321, 9 South. 596; *Globe Iron Roofing Co. v. Thatcher,* 87 Ala. 458, 6 South. 366. If the bill was repugnant or multifarious, it would have been open to demurrer therfor, but not to impeachment on bill of review. Such objections go to the form and regularity of the proceeding, and do not necessarily affect the decree on the merits.—*McCall v. McCurdy, supra.*

It is insisted that the foreclosure of the mortgage and the allowance of an attorney's fee of $500 is error apparent, because the husband did not join in the body of mortgage of the wife as a party, though signing and acknowledging it and signing the notes; that the bill in the former suit did not make any averment as to the residence of the husband at the time of the execution of the mortgage; and that it must be presumed that he was a resident of Alabama, and, therefore, that the mortgage was invalid under section 2348 of the code of 1886, which was then in force. This objection is founded upon the idea that this court, in reviewing a former cause for error apparent, must presume as to the residence of the parties, a fact, in order to establish error; that is, presume that the complainant's husband was at the date of the making of the mortgage a resident of the state. The residence of a party is a question of fact as to which the law indulges no presumption, except as a logical conclusion from other facts proved or admitted. It is not to be inferred as a fact in this case that the complainant's husband resided in Alabama, rather than elsewhere. If the point had been made as to the sufficiency of the mort-

[Winkleman v. White, *et al.*]

gage on the original trial, it might be that a demurrer would have been sustained for not alleging the nonresidence of the husband, or some other fact which would dispense with his joining in the instrument. If such objection had been made, of course, an amendment could have cured it. If now allowed, it would result in the reversal of a decree on review for a mere defect of form. If the law indulged in any presumption as to the domicile of the husband, it would rather be that he was a nonresident than resident, since the mortgage is executed and acknowledged in another state, and the husband was a nonresident pending the proceedings to foreclose.—1 Wigmore on Evidence, §§ 190, 382. Beyond this, it seems that the party, impeaching a former decree for error apparent, must not only show error, but that it was injurious. No matter what error there may be in a proceeding at law, a chancery court will never grant relief without a clear showing against the justice of the judgment. —*French v. Garner,* 7 Port. 549. The same rule holds in bills of review. The complainant must not only show error, but that it is injurious. "There must be error of substance, error in the conclusions of the court on matter of law affecting the rights of the parties, and it must be apparent that injury has resulted from the error."— *McCall v. McCurdy,* 69 Ala. 65; *Haig v. Homan,* 8 Clark & F. 320; *Tommey v. White,* 1 H. L. Cas. 164; *Whiting v. U. S. Bank,* 13 Pet. (U. S.) 6, 10 L. Ed. 33; *P. & M. Bank v. Dundas,* 10 Ala. 661.

In this case there is no averment that in fact the husband of complainant was a resident of the state. Nor is it apparent on the record of the former suit that the mortgage was not strictly legal and binding without the husband joining therein, as then required in case of residents of the state. As the question of residence of the husband was not raised in the original suit, or the decree attacked within 12 months, as was allowable in case of decrees without personal service, it must be assumed that all mere irregularities of procedure and all amendable errors are cured, and on a question of error on review it would be improper to indulge in a presumption of resi-

[Winkleman v. White, *et al.*]

dence in one state rather than another to reverse the decree. The contrary presumption would be indulged to sustain it. The law makes a decree absolute as to a defendant properly brought in after the lapse of 12 months, or after 6 months if served with a copy of the decree.— Code 1896, § 753. The lapse of this period, without objection duly made, relieves the case of all errors, except plain errors of law apparent on the record. The residence of the husband in this case, at the date of the execution of the mortgage is not apparent, and therefore it cannot be concluded that the mortgage was not properly executed and binding.

And though the attorney's fee allowed in the case might not properly be based on the terms of the mortgage itself, since it may be said it allowed such fee only for exercising the power of sale en pais, the notes contained a provision for the payment of all costs of collection, "including a reasonable attorney's fees, on failure to pay at maturity," and the direction to the register was to report "what would be a reasonable attorney's fee for collecting said notes (those held by the complainant) by foreclosing the mortgage securing said notes," and the report conformed to this direction. We are unable, in a case of this kind, to know the evidence on which the register founded his report, or to review it, if known. A mere wrong conclusion drawn by the court from the evidence cannot be reversed on a bill of review. We are therefore unable to say that there was error apparent in the allowance of the attorney's fee of $500.

The point taken in argument that the footnote to the original bill was not signed by counsel is entirely one relating to form, easily amended, and exposing the bill at most to a demurrer. And, there being no such objection, the error is considered as waived even on appeal.—*Alabama Warehouse Co. v. Jones*, 62 Ala. 550. And on bill of review such objections are never available, nor is this error assigned in the bill of review.—*McCall v. McCurdy, supra*; Story's Eq. Plead. § 411; 2 Dan. Ch. Prac. 1576.

It is finally urged that it was error apparent and of substance in decreeing affirmative relief to defendants to

the bill without a cross-bill. It is generally said that a defendant is entitled to no affirmative relief without a cross-bill.—*Bedell v. N. E. M. L. Co.,* 91 Ala. 325; *Cullum v. Erwin,* 4 Ala. 452. In *Gillam Sons & Co. v. N. O. & S. R. Co.,* 72 Ala. 566, a bill was filed by a judgment creditor, with a return of "No property found" on execution against an insolvent corporation, amongst other things, to set aside a mortgage and to have the mortgage bonds declared inferior liens to the judgment. Two cross-bills were filed, bringing the whole matter of litigation before the court, and under the first of which all the bondholders could obtain relief. The court dismissed the second cross-bill, the one filed by appellants, on the ground that one cross-bill was sufficient to bring before the court the whole matter of the rights of the parties. And the court said: "A cross-bill is not entertained when in the original suit the party filing it can obtain the full relief to which he is entitled." In that case the original bill was a judgment creditor, attacking all the bonds, and therefore a cross-bill was necessary for the bondholders to obtain relief beyond defeating the plaintiff.—2 Dan. Ch. Pr. 1550; *Watts v. Eufaula N. Bank,* 76 Ala. 474. But the court in the *Case of Gilman, supra,* entertained only one cross-bill by one of the bondholders, and decreed between the defendants to the cross-bill. On appeal, the court held that Gilman Sons & Co., defendant to the cross- bill, were entitled to priority of payment. This case settles that, if the original bill had been filed by a holder of the secured bonds, full relief could have been given to all the holders of such bonds against the plaintiff and against each other; that is, that the amounts due to each and their priorities could be determined, and the property sold to pay the same, since the court dismissed the appellant's cross-bill as unnecessary after one cross-bill has been filed. The cross-bill in that case was not necessary as a defense to the original bill, because the complainant could be fully met by the answer, and the cross-bill was sustained and decreed on as in the nature of an original bill after the original bill itself had been dismissed. In this case the original bill

stands entirely as the cross-bill of the Morton Bliss Company, in the case in 72 Ala., supra, stood, as a bill by one bondholder to foreclose the lien and adjust the rights of the several bondholders. And as one cross-bill may suffice to bring the whole matter of such cross-bill before the court, and enable the court to decree in favor of each defendant to such cross-bill, so an original bill, bringing the identical matter before the court, as in the case of one holder of bonds or notes secured by a mortgage, will enable the court to decree between defendants.—2 Dan. Chan. Pr. 1370, and note 6; Id. 1550; 16 Cyc. 326-328. The principle seems to be this: When the original bill or a cross-bill brings the whole subject before the court, any further bill will be dismissed as unnecessary. But, nevertheless, should any special case arise requiring a further bill, the court will direct one to be filed. The necessity of such rule is obvious. There might be 1,000 notes held by different persons and entitled to priority in the inverse order of assignment; and, if the lien could not be enforced by one bill or cross-bill, as the case may be, there would have to be 1,000 cross-bills, each with 999 defendants, which sufficiently shows that there is no such rule as that there may not be decrees between defendants on an original bill. The rule as expressed by Lord Eldon is that "where a case is made out between defendants, by evidence arising from pleadings and proofs between plaintiffs and defendants, a court of equity is entitled to make a decree between the defendants, and is bound to do so."—2 Dan. Ch. Pr. 1370, note 6.—Lord Redesdale says the same in Chamley v. Lord Dunsany, 2 Sch. & Lef. 718.—Vandeveer v. Holcomb, 17 N. J. Eq. 87; Elliot v. Poll, 1 Paige (N. Y.) 263; Shannon v. Marselis, 1 N. J. Eq. 424.

The complainant was the holder of two of a number of notes secured by the same mortgage, and it was necessary in order to give him complete relief, to determine the entire debt, and the order of priority. This relief could be given as to all the parties on the bill and answers; for the original bill brought the entire subject under control of the court. The other holders of notes appeared

and insisted on the adjustment of their debts and priorities, and they took no appeal and are not now complaining. As between each of these holders of notes and the complainant in the original suit, the question of the amount and priority of the debts against the property was directly involved, and the mortgagor was liable for the aggregate. In such case, says Lord Redesdale, "the court is bound to decree between the defendants, and, refusing to do so, it would be a good cause of appeal by either defendant."—*Chambley v. Lord Dunsaney, supra.* The original bill brought under the control of the court the entire subject-matter of the ascertainment of all the claims against the mortgaged property and of a sale for their payment. There was thus no need for any cross-bill.—Rule 108 of Chancery Practice; *Gilman Sons & Co. v. N. O. & S. R. Co., supra; Soles v. Sheppard,* 99 Ill. 616.

We are constrained to hold that it is not shown that there is any substantial error apparent in the proceedings of the former suit injurious to the appellant.

The decree of the lower court is affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.