34 So.2d 585

## ANDERSON v. ANDERSON.

### 4 Div. 474.

Supreme Court of Alabama.

Jan. 19, 1948.

Rehearing Denied April 15, 1948.

E. O. Baldwin, of Andalusia, for appellant.

Murphy & Cook, of Andalusia, and J. A. Carnley, of Elba, for appellee.

FOSTER, Justice.

This is a bill in the nature of a bill of review to set aside and vacate a decree of

divorce without alimony granted on the crossbill of defendant filed in a suit by plaintiff against defendant for divorce and alimony.

The trial court overruled demurrer to the bill as amended, and granted relief on final hearing. The defendant appeals, and assigns as error the decree overruling his demurrer and also the final decree granting relief.

The bill for divorce and alimony is alleged in the instant bill to have been filed by this plaintiff in September 1944 (the proof showed September 30, 1944) by her attorney, who is also one of those representing her; also that defendant on June 8, 1945, by attorney, filed an answer and crossbill, and mailed a copy to plaintiff's attorney; that she was never advised by her attorney about it; that a decree of divorce was granted on defendant's crossbill on July 11, 1945, and that she did not know of it until September 12, 1945, when she was so advised and also that defendant had on that day remarried.

The basis on which it is claimed that the decree of divorce on the crossbill of defendant should be set aside, is contained in the following allegations:

"She avers that the respondent alleged in his said crossbill that the separation occurred on June 5, 1944, instead of July, 1944; that he denied the allegations of her bill and alleged abandonment by her on, to-wit, June 5, 1944, and that without notice to her, motion was made by his solicitor, Mr. E. O. Baldwin, on June 10, 1945, for a decree pro confesso, and on the said date, the register, Miss Lillian Baldwin, granted a decree pro confesso against complainant, as cross respondent, and on July 11, 1945, a decree was rendered by this court granting to said cross complainant, V. D. Anderson, a divorce on the ground of abandonment. And complainant attaches hereto as exhibits A and B copies of said decree pro confesso, and said decree of divorce, and she prays reference thereto as may be necessary. She also attaches hereto as exhibits C and D copies of motion for decree pro confesso and crossbill. Reference thereto is prayed.

"Complainant avers that she has never been a non-resident of Alabama, and was not on the date of the filing of said crossbill, yet it was alleged in said crossbill that she 'resides in the state of Florida where she has resided since the filing of the bill of complaint in this cause'; this allegation in said crossbill is false, for that she resided in Covington County, Alabama. She avers that said crossbill alleged that complainant 'voluntarily abandoned him and that without any cause on his part whatever and has continuously remained away from him since said date on June 5, 1944,' which allegation is false and untrue and against which she can defend successfully on the proof of the facts. And complainant says said crossbill is untrue and false, and had she been advised that the same had been filed by the respondent and cross-complainant she could have successfully defended and defeated the fraudulent acts of the respondent in setting up and making false proof of the same. She avers that no summons or other process was issued to her, and that no publication was made on her as cross respondent to said crossbill of complaint and there was no notice given to her of the taking of testimony, nor to her solicitor of record.

"Complainant avers that she lived at Opp, Alabama, at the time of filing of her bill for alimony and support and for divorce on the grounds of cruelty, and that she relied on her suit for relief in an orderly way and manner, and while she was represented by a solicitor of record, Mr. J. L. Murphy, she never received any notice whatsoever of the filing of said crossbill, by her said solicitor, and no notice of the taking of any decree pro confesso and the taking of testimony, nor of the decree granting a divorce until she was advised by J. A. Carnley in the month of September, 1945, and that it was not known to her said solicitor until September 11, 1945, and neither known to her said solicitor Mr. J. L. Murphy until said date. She avers that said V. D. Anderson was remarried on September 12, 1945.

"And she says that the decree pro confesso was granted of the date of June 10, 1945, two days after the filing of said crossbill."

The contention is that on account of the false and fraudulent allegations of

the crossbill, and in making false proof of the same, the decree was fraudulently procured. The decree of the trial court states that it was based on such a finding. The allegations in respect to notice of the filing of the crossbill and service of a copy of it do not show a failure to comply with the requirements of law. Equity Rule 26, Code 1940, Tit. 7 Appendix, relieves defendant of any such duty to plaintiff. Plaintiff was in court by her counsel on her own bill, and was required to take notice of all proceedings in it where notice was not required by law to be given. Harnischfeger Sales Co. v. Burge, 221 Ala. 387, 129 So. 37; Renfro v. Merryman, 71 Ala. 195. This includes a crossbill. Moreover, the bill does not allege that plaintiff's attorney did not have notice of all the proceedings. Notice to him is notice to her. Little v. Peevy, 238 Ala. 106, 189 So. 720; Price v. Carney, 75 Ala. 546; Silvey v. Cook, 191 Ala. 228, 68 So. 37; Shirley v. McDonald, 220 Ala. 50, 124 So. 104; Barrow v. Lindsey, 230 Ala. 45, 159 So. 232. There is nothing alleged to show that defendant's attorney did anything to prevent plaintiff from making defense against the crossbill.

The bill alleges that the crossbill was filed June 8, 1945, and a decree pro confesso was rendered on it June 10, 1945. On demurrer this must be taken as true, though it is alleged in the answer that it was rendered July 10, 1945, on which day the application for it is marked filed. But the fact that a decree pro confesso was entered prematurely is not ground to support a bill of review. Vary v. Thompson, 168 Ala. 367, 52 So. 951. All such irregularities, although they might constitute reversible error on appeal, are insufficient for impeachment of the decree by bill of review. Alexander v. Alexander, 227 Ala. 322, 150 So. 142; Rochelle v. Rochelle, 237 Ala. 530, 187 So. 451; Snead v. Lee, 218 Ala. 44, 117 So. 469; Barrow v. Lindsey, 230 Ala. 45, 159 So. 232; Owens v. Owens, 245 Ala. 485, 17 So.2d 659; Winkleman v. White, 147 Ala. 481, 42 So. 411.

It is thoroughly established that a decree will not be set aside on a bill in the nature of a bill of review solely because it was predicated on false testimony (Miller v. Miller, 238 Ala. 228, 189 So. 768; Sloss–

Sheffield Steel & Iron Co. v. Lang, 213 Ala. 412, 104 So. 770) ; nor on false allegations in the bill on which it is founded, unless those allegations are necessary to invoke the jurisdiction of the court to render the decree under attack. Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33(9); Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Keenum v. Dodson, 212 Ala. 146, 102 So. 230.

The fraud here available must be what is termed extrinsic: that is, such as was instrumental in procuring the rendition of the decree, or collateral to the matter or question which was tried and determined by the judgment in question; but when a party is prevented from asserting his rights by the fraud of his opponent, equity will interfere. Fraud relating to the subject matter, such as the false assertion of facts constituting elements of a cause of action or equitable right and supported by perjured testimony, are of the very essence of the issue previously tried, and the judgment for that reason cannot be opened and the cause retried by a bill in equity in the nature of a bill of review. That is intrinsic fraud, not here available. DeSota Coal Mining & Development Co. v. Hill, 194 Ala. 537, 69 So. 948; Eskridge v. Brown, 208 Ala. 210, 94 So. 353; Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153. The last cited case bears much resemblance to this one in respect to the principles of law asserted. The rule was however extended in Bolden v. Sloss–Sheffield Steel & Iron Co., supra, referred to in Hooke v. Hooke, supra, as thus expressed: "where the jurisdiction of the court of law is acquired by the fraudulent concoction of a simulated cause of action, the fraud itself to be consummated through the instrumentality of a court of justice, the protection of the court demands that there should be a remedy." Bolden v. Sloss–Sheffield Steel & Iron Co., supra, 215 Ala. at page 335, 110 So. at page 575, 49 A.L.R. 1206.

But that is not to be supposed to extend to the mere making of false allegations in a complaint, though they are vital to the cause of action. Such intrinsic matters have not been put into the rule.

In this case the decree now under attack was granted defendant on his cross-bill. Plaintiff's residence was not material on the issue so tendered. There is no allegation in the crossbill, alleged to be false and fraudulent, which was necessary to confer jurisdiction on the court to act on the crossbill. See, Borders v. Borders, 222 Ala. 444, 132 So. 897. The court already had jurisdiction of plaintiff by reason of her original bill. Jurisdiction was not acquired by a false statement in the crossbill as to residence, or anything else, although the ground for divorce may have been falsely stated in it.

We think the bill fails to state matter sufficient in a proceeding, such as this, to vacate the decree of divorce of July 11, 1945. The demurrer should have been, and will be by this Court, sustained and final decree rendered, denying relief and dismissing the cause.

Reversed and rendered.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.