# Henderson v. Hosfeldt *et al.*

### *Bill to Reform Deed.*

1. *Deed; reformation of; when not allowed.*—Where lands were
   sold under execution and a deed made to the purchaser and a
   deed made by him to his vendee, and the lands actually sold
   and bought were perfectly and completely described in the
   levy and subsequent conveyances; and the last purchaser re-
   covered the lands from the defendant in execution by a suit
   in ejectment by the same description and continuing in pos-
   session brought his bill in equity to reform the deeds by
   substituting other lands in lieu of those actually sold and
   bought, the bill is without equity. It is not a case of a
   reformation of a misdescription of land in a deed which
   was actually sold and bought, but of the substitution of lands
   not sold at all.

[Henderson v. Hosfeldt *et al.*]

APPEAL from Mobile Chancery Court.
Heard before Hon. THOS. H. SMITH.
Bill by Henderson against Hosfeldt and others.
The facts are stated in the opinion.
The chancellor dismissed the bill for want of equity.

SHELTON SIMS, for appellant, cited, *Miller v. Craig*, 83 Ky. 623; *Dawson v. Goodwin*, 15 B. Monroe 439; *Cosby v. Wickliff*, same 202; *Zingsen v. Kidd*, 29 N. J. Eq. 516; *Greeley v. DeCottes*, 5 So. Rep. 239.

PILLANS, TORREY & HANAW, *contra*, cited *Goodbar v. Daniel*, 88 Ala. 583; *Lindsey v. Cooper*, 94 Ala. 170; *Ellett v. Wade*, 47 Ala. 457; *McBryde v. Wilkinson*, 29 Ala. 662; *Gancy v. Sikes*, 76 Ala. 421.

DOWDELL, J.—The appeal in this case is prosecuted from the decree of the chancery court of Mobile county, sustaining respondents' demurrer and dismissing complainant's bill for want of equity. It appears from the allegations of the bill, that the appellant, Henderson, recovered a money judgment against the appellee, John Hosfeldt, in the city court of Mobile in April, 1895. That on this judgment execution was issued at once, and was levied by the sheriff on certain lands described in the bill as the property of the defendant. The lands so levied on were duly advertised and sold by the sheriff in June, 1895, and at said sale one Ardoyno became the purchaser, and a sheriff's deed conveying said lands was duly executed to him. It is alleged that Ardoyno purchased said lands for and on behalf of the complainant, and accordingly, in September, 1895, he executed his deed conveying said lands to said Henderson. In March, 1897, upon the defendant's refusing to deliver the possession of the lands, the said Henderson instituted his suit in ejectment against the defendant Hosfeldt for the recovery of the same, and in January, 1898, recovered a judgment in ejectment for the said lands, and a writ of possession thereafter issued and the said Henderson was put in possession of the same by the sheriff. So far as any allegations of the bill are concerned, said appellant Henderson still holds and retains said property re-

covered by him in his said ejectment suit and the possession of which was delivered to him in July, 1898.

It further appears from the bill that under the execution above mentioned, the sheriff levied on the "paper mill site" and on ten contiguous acres, giving a minute and particular description of the same by metes and bounds; that in the sale by the said sheriff under said execution, the said Ardoyno bought and received a deed describing the lands conveyed in accordance with the levy and execution, and that Ardoyno subsequently conveyed to appellant Henderson the said lands according to the same description; that possession not being delivered, said Henderson brought his ejectment suit to recover the said lands from the defendant, Hosfeldt, and recovered judgment for the same, in which said judgment the land is described as in the levy, sheriff's deed, and Ardoyno's deed, and a writ of possession was issued and said Henderson put in possession thereof.

It appears from the bill of complaint that the defendant, Hosfeldt, held and owned said property by virtue of a will made by the father of defendant, which devised to his said son, John Hosfeldt and wife, a life estate with remainder to their children, lands situated near Four-mile Post, and that subsequently, by a codicil to the will, power was given said defendant, Hosfeldt, to make absolute disposition of that part of the property known as the "paper mill site" on Three-mile creek, together with *any ten acres* of land contiguous thereto. It appears from the bill, taken in connection with the exhibits thereto, that the lands contiguous to the paper mill site, largely exceeded in area the amount of ten acres. There is nothing to show that any selection of any particular ten acres was ever made by the defendant, John Hosfeldt.

While the prayer of complainant's bill is for the reformation of the sheriff's deed to Ardoyno, and Ardoyno's deed to complainant as to a misdescription of the lands conveyed, the object and purpose of the bill is still more extraordinary and far-reaching. The bill avers that the "paper mill site" is a well known and designated tract of land, and also avers that there is a repugnancy between this general description and the more

[Gaines v. Va. & Ala. Coal Co.]

particular description by metes and bounds. The general rule is, that where a general description is followed by a particular description, the latter will prevail in case of a repugnancy between the two. This rule, however, has its exceptions. For instance, it would not prevail where it would operate to defeat the clear intention of the parties to the contract. But it is without application to the case at bar, as made by the statement of facts in the bill. It may be that the complainant did not get the particular lands he wanted, but as a matter of fact he did get the land actually levied upon by the sheriff and duly advertised and sold and conveyed in accordance with his duties and powers under the statute. The case as made by the bill, is not that of the reformation of a misdescription of land in a deed which was actually sold and bought. The lands here actually sold and bought contained a perfect and complete description, and under the deed conveying the title containing the identical description which began with the levy, the complainant maintained his suit in ejectment against the defendant, recovering the possession of the same from him. To grant the relief prayed for in the bill, would be to substitute other lands than those actually levied upon, advertised, sold and conveyed by the sheriff in lieu of the lands so actually levied upon and sold. It needs no argument to demonstrate that this cannot be done. The very statement of the proposition carries with it its answer. The bill is without equity, and the chancery court committed no error in its ruling. The decree of the chancery court is affirmed.