[S. F. No. 1717.    Department One.—December 1, 1900.]

## JOHN F. BUSEY, Appellant, v. J. B. MORAGA et al., Respondents.

MISTAKE IN MORTGAGE, DECREE, AND SHERIFF'S DEED—REFORMATION IN EQUITY—REMEDY BY MOTION.—Where there is a mistake in the description of property in a mortgage, and the same mistake has been carried into the decree of foreclosure and the sheriff's deed, conceding that relief might have been granted by motion in the original case, a court of equity has jurisdiction to go back to the original transaction and to reform the mortgage, as well as the decree and deed, so as to make them conform to the original intention of the parties.

ID.—POWER OF EQUITY TO ORDER RESALE.—If justice requires it, it is in the power of a court of equity, after reforming the mortgage and the decree and order of sale, to direct a new notice and sale of the property.

ID.—LOCATION OF TOWN LOTS—ERROR IN BLOCK—MUTUAL MISTAKE—FINDING AGAINST EVIDENCE.—A finding made by the court that there was no mutual mistake of the parties, but only a mistake of the mortgagor in copying from the description in a first mortgage, which showed an erroneous location of town lots owned by the mortgagors as being in block "H," whereas the

only lots owned by them were in block "K," held to be against the evidence, which showed that the mortgagors intended to mortgage the town lots owned by them, and believed that they were included in plaintiff's mortgage and decree of foreclosure, as well as in the first mortgage, which was also foreclosed in the same action, and that, so believing, the mortgagors made default and consented to the foreclosure, and did not discover the mistake in the description until after the sale under the foreclosure.

ID.—ESTOPPEL OF MORTGAGORS.—The mortgagors are estopped by the mortgage from denying that they executed it; and where it appears that they consented to a decree of foreclosure on the understanding that both of the mortgages foreclosed included the property owned by them, they are estopped from denying that there was a mistake on their part in the description of the property, and from asserting that they gave a mortgage upon property which they did not own.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial. Joseph P. Jones, Judge.

The facts are stated in the opinion.

R. H. Latimer, and W. S. Tinning, for Appellant.

William S. Wells, for Respondents.

HAYNES, C.—Appeal by the plaintiff from the judgment and an order denying his motion for a new trial.

Defendants were the owners of three several tracts of farming land in Contra Costa county, and also of lots 7, 13, and 14, in block K, in the town of Concord, in said county, which lots are also referred to in the record as "the Neff property." Prior to March 31, 1895, defendants mortgaged two of the tracts of farming land, and three town lots in said Concord, described in mortgage as "lots 7, 13, and 14, in block H," to Andrew Gehringer (since deceased), and the third tract of farming land to Thomas and Mary A. Moore. On March 31, 1895, the defendants, being indebted to plaintiff in the sum of one thousand and fifty dollars and fifty cents, executed to him a mortgage upon all three of said tracts of farming land, and also upon town lots described as in the Gehringer mortgage.

In April, 1897, none of said mortgages having been paid or released, the plaintiff brought suit to foreclose his said mort-

gage, and made the executors of Gehringer and the Moores parties defendant, and all said mortgages were foreclosed, the decree directing that the several parcels of land be sold separately. Said town lots were described in the decree as lots 7, 13, and 14, in block H. At a sale of said several parcels of land under said decree, the executors of Gehringer, as individuals, became the purchasers of the two tracts of farming land described in his mortgage, for the amount found due the estate, the Moores purchased the tract described in their mortgage for the amounts found due to them, and the plaintiff became the purchaser of the town lots. Said sales were made on February 15, 1897. In the decree, notice of sale, and certificate of sale, said town lots were described as in the mortgage. The alleged error in the description of the town lots was discovered about two months after the sale, and this action was brought on April 23, 1897, to reform the mortgage, decree and certificate of sale, so as to describe said lots as being in block K instead of block H.

The complaint alleged that there was a mutual mistake of the parties to plaintiff's mortgage in the description of the lots.

Defendants demurred to the complaint and the demurrer was overruled. Respondents contend that it should have been sustained, because plaintiff had a remedy by motion in the original case, and that therefore an action to reform the proceedings will not lie.

If it be conceded that plaintiff might have had full relief upon motion under the provisions of the Code of Civil Procedure, it does not follow that an equitable action cannot be maintained for the same purpose. In *Quivey v. Baker,* 37 Cal. 465, it was held that "if there was a mistake in the mortgage in the description of the property, and the same mistake exists in the decree and the sheriff's deed, equity will go back to the original transaction and reform all three so as to make them conform to the original intention of the parties." (See, also, *Donald v. Beals,* 57 Cal. 399, 405, where *Quivey v. Baker, supra,* is cited.)

It is also urged as an objection to the remedy by independent action that the mortgagor is deprived of his property by a sale without notice, the property having been described as certain lots in block H; but it is in the power of a court of equity, after

having reformed the mortgage and proceedings down to the sale, to direct a new notice and sale if justice requires it.

The defendants answered the complaint, the cause was tried, and the court found for the defendants. Appellant attacks certain of the findings as not justified by the evidence. The eighth finding is: "That there was not a mutual mistake of the defendants, the parties making said mortgage; but there was a mistake made by the plaintiff in drawing up said mortgage, in this, that he intended to include in the mortgage the lots 7, 13, and 14, in block K. of said town of Concord. The understanding was not that the defendants Moragas were mortgaging said lots in block K."

In the ninth finding it is said that plaintiff, in preparing his mortgage, copied the description of the lots from the Gehringer mortgage in which the town lots were described as being in block H, but the mortgagors intended to mortgage to Gehringer lots 7, 13, and 14, in block K.

The eleventh finding is as follows: "That the said plaintiff, John F. Busey, supposed the said Gehringer mortgage contained a correct description of said lots, as did also the defendants Moragas."

Appellant contends that said eighth finding is not justified by the evidence, and this contention I think must be sustained.

Indeed, the probative facts stated in the ninth and eleventh findings, and as to which the evidence is not conflicting, would seem to demonstrate that the ultimate fact stated in the eighth finding that there was not a mutual mistake in the description of the lots could not be justified by the evidence; for if in making the Gehringer mortgage in which the lots were described as being in block H defendants understood and believed they were mortgaging the lots which were in fact in block K, it would be the natural and reasonable inference that where town lots were described in a subsequent mortgage in identically the same words and figures that the same lots were intended, and especially where the mortgagors did not own any lots in block H, but did own lots bearing the same numbers in block K; and the evidence showed without conflict that defendants neither owned nor claimed any other lots in said town than 7, 13, and 14 in block K, and that said lots were commonly desig-

nated as the "Neff property," upon which Dr. Neff then, and
for several years before, resided. Mr. Moraga testified that at
the time the mortgage was executed he asked the plaintiff
whether the Neff property was in the mortgage, and that plain-
tiff told him it was not; and the plaintiff testified that he told
him it was, and that Moraga wanted to sell the lots to him.
But Mr. Moraga further testified as follows: "I found out the
Neff property was in the Gehringer mortgage when the fore-
closure suit was commenced. I told Mr. Wells at that time
the Gehringer mortgage contained the Neff property, and I
understood at the time the Gehringer mortgage was foreclosed
that it was foreclosed upon the Neff property. I also found
out that the plaintiff's mortgage contained the Neff property
when the plaintiff foreclosed his mortgage, and I understood
that plaintiff and Gehringer both foreclosed on the Neff prop-
erty. I found out first that the Neff property was in the plain-
tiff's and Gehringer's mortgages when the papers were served
upon me in the foreclosure suit. Mr. Wells [defendant's attor-
ney] read the papers to me and told me the Neff property was
contained in them, and I understood at the time of the fore-
closure suit of plaintiff's mortgage and Gehringer's mortgage
that both mortgages contained the Neff property."

The record also shows that upon the hearing of the fore-
closure case the defendants Moraga and wife appeared by coun-
sel and admitted the execution of both plaintiff's and Geh-
ringer's mortgages, and permitted their defaults to be entered.

In view of the defendant's testimony, it is clear, beyond con-
troversy, that they understood that all mortgages which cov-
ered town property was upon the lots spoken of as the "Neff
property," and they are estopped by the judgment to deny that
they executed the mortgage. The mortgage was read to him
by Mr. Wells when the papers were served, and he then knew
how the lots were described, and he testified that he "under-
stood at the time of the foreclosure suit of plaintiff's mortgage
and Gehringer's mortgage that both mortgages contained the
Neff property." With that understanding he made no defense
and had his default entered. It is clear that from the time
Mr. Wells read the mortgage to him that he was laboring un-
der a mistake as to the description of the property upon which

Dr. Neff resided, and, having consented to a decree of foreclosure upon the understanding that it included the Neff property, he is estopped from saying that there was no mistake on his part, and that he gave a mortgage on property which he knew was not his; and the fact that before plaintiff's mortgage was executed he had made a mortgage to Gehringer by the same description intending, and understanding, as he admits and the court finds, that the property mortgaged was the Neff property, would, to say the least, render it highly improbable that when he made the mortgage to plaintiff by the same description he intended a different property, especially when he does not claim to have known until after the foreclosure sale that the Neff property was not in block H.

The findings that there was not a mutual mistake in the description of the lots, and that the understanding was not that the defendants were mortgaging the lots in block K, are not justified by the evidence.

I advise that the judgment and order appealed from should be reversed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

.Garoutte, J., Harrison, J., Van Dyke, J.