# Stewart *v.* Wilson *et al.*

*Bill in Equity to correct Misdescription of Property, and to enjoin Suit of Ejectment.*

1. *Reformation of description of property, when bill cannot be maintained therefor.*—A mortgage having become extinguished by judicial foreclosure, the fact that property was omitted therefrom by mistake in the execution of the instrument furnishes no ground for reformation in equity of either the mortgage or the decree of foreclosure.

2. *Same; same; effect of register's sale.*—From the influence of this principle, a case is not removed by the mere fact that the

[Stewart v. Wilson, *et al.*] ·

register included in his sale the land in controversy; the register's power to sell being bounded by the decree he was executing and his acts in respect of that power being nugatory as against all persons not consenting thereto.

APPEAL from the City Court of Anniston.

Heard before the Hon. W. P. ACKER, Special Judge.

The bill in this case was filed on October 7, 1901, by the appellant, C. W. Stewart, against the appellees. The bill prayed for an interlocutory injunction, restraining respondents from proceeding further in a suit in ejectment against appellant in the City Court of Anniston until the final hearing of the cause, and prayed further that on the final hearing of the cause, a decree be rendered perpetually enjoining respondents from proceeding in the said suit, and correcting and reforming the description of certain land mortgaged to R. F. Hughes, by one Hiram Dugger, deceased, through whom respondents claim said land. The interlocutory injunction was granted.

The amended bill, after demurrer had been sustained to the original bill, avers that on May 25th, 1893, Hiram Dugger, deceased, at the time of the filing of said bill owned the following lands, to-wit: The E. ¼ of the N. E. ¼ and the N. E. ¼ of S. E. ¼ of Sec. 17, and N. W. ¼ and N. ½ of S. W. ¼, Sec. 16, all in T. 13, R. 10 E., in Calhoun county, Alabama, containing 360 acres, more or less, and did not own and was not in possession of any other lands; that on said day Hiram Dugger was indebted to R. F. Hughes in the sum of $400, and desiring to secure the said R. F. Hughes by giving a mortgage on all the lands he owned, described above, and being a man without education or knowledge of the location of lands by description according to government surveys of sections, townships and ranges, handed to D. L. Woolf his papers, and requested him to draw up a mortgage from him (Hiram Dugger) to R. F. Hughes, containing all the land he owned and was in possession of, to secure said indebtedness to Hughes. Woolf, in writing said mortgage, omitted to include in same the N. W. ¼ and N. ½ of S. W. ¼, Sec. 16, T. 13, R. 10 E.,

[Stewart v. Wilson, *et al.*]

which land Dugger owned, but did include, by mistake, other lands that Dugger did not own, to-wit: Lot No. 3, Sec. 16, T. 13, R. 10, also Lot No. 2, in Sec. 16, T. 13, R. 10, also Lot No. 11, S. E. ¼ of the S. W. ¼ of T. 13, R. 10. That on March 15, 1895, Hughes transferred and assigned said indebtedness and mortgage to the Simpson Grocery Company; that on December 2, 1898, the Simpson Grocery Company obtained a decree of foreclosure in the Chancery Court of Calhoun county for the lands as described in said mortgage. After the advertisement of the sale of the lands under said decree, the error in description was discovered. That on January 16, 1899, the Register sold at public outcry the lands originally owned by Dugger at the time of executing said mortgage omitting the lands included in said mortgage which were not the property of Dugger. At said sale, the Simpson Grocery Company bought the S. E. ¼ of the N. E. ¼ and the N. E. ¼ of the S. E. ¼, Sec. 17, and S. W. ¼ of the N. W. ¼ and N. ½ of S. W. ¼, Sec. 16, all in T. 13, R. 10 E., for the sum of $310, and said register made them a deed to said lands, and J. T. A. Hughes administrator of Dugger's estate, put them in possession thereof, in which possession they continued until January 3, 1901. On January 3, 1901, said Simpson Grocery Company sold said lands to G. W. Stewart, and put him in possession thereof. That thereafter J. H. Wilson, Annie Wilson, Lucy Gardner and Allie Dickie brought suit in ejectment in the City Court of Anniston against G. W. Stewart for the recovery of said lands, which suit was enjoined, as before stated, upon the filing of the amended bill and pending the disposition thereof. Orator prayed for perpetual injunction against said suit in ejectment and for correction of the mistake in the mortgage and decree of foreclosure. Respondents moved to dismiss the bill on the ground that there was no equity therein. They also demurred to the amended bill of complaint and assigned as grounds the following: 1. There is no equity in the bill as amended. 2. That the allegations of the bill as amended fail to show any right in the complainants to the relief prayed for. 3. The allegations of the amended bill plainly show that the complainants are

not entitled to the relief prayed for. 4. The bill as amended fails to show any right or title acquired or held by the complainants or any of them, by or through the mortgage of Hiram Dugger to R. F. Hughes to the lands which it now seeks to have incorporated therein. 5. The bill as amended shows that the complainants, Simpson Grocery Company, do not derive title or claim of ownership to the lands now sought to be incorporated in the mortgage from Dugger to Hughes, by virtue of said mortgage, but by an alleged sale by the register, which sale the allegations of the amended bill show to be wholly void and without authority. 6. The bill as amended shows that complainants, Simpson Grocery Company, who were also complainant in the alleged proceedings to foreclose said Dugger mortgage, well knew during the pendency of said proceedings and before the alleged sale of said lands, that the lands now sought to be incorporated in said mortgage were not then included therein, and made no effort to have the same corrected. 7. The bill as amended shows at the time of the alleged sale by the register, the complainant, Simpson Grocery Company, knew there was no decree authorizing such sale. 8. The bill as amended shows that complainants have not come into equity with clean hands. 9. There is a misjoinder of parties complainant in the bill as amended. 10. It is not shown in or by said amended bill what interest, if any, the Simpson Grocery Company and R. E. Hughes have in the suit brought by these respondents against G. W. Stewart, or that they have any right to enjoin or restrain these respondents from prosecuting the said suit. 11. The bill as amended fails to set out the mortgage it seeks to have corrected, or the substance of said mortgage. 12. The bill as amended seeks the reformation of a mortgage it alleges has been foreclosed by a decree of the Chancery Court of Calhoun county. 13. The bill as amended seeks in this court to reform a decree rendered by the Chancery Court of Calhoun county, Alabama. 14. The bill as amended seeks to enjoin these respondents from prosecuting a

suit, from the prosecution of which it alleges they are already enjoined."

The cause was submitted upon the respondent's demurrer to the bill and the motion to dismiss the bill for want of equity. Upon the hearing on this submission, the court rendered a decree sustaining the demurrer, granting the motion to dismiss, and dissolving the interlocutory injunction. From this decree the complainants appeal, and assigns the rendition thereof as error.

T. P. SAVAGE, for appellants, cited *Lehman v. Durr & Co.,* 65 Ala. 316; *Alexander v. Rea,* 50 Ala. 455; *Homan v. Stewart,* 103 Ala. 644; *Webb v. Elyton Land Co.,* 105 Ala. 471; *Green v. Dickson,* 119 Ala. 346; *Meyer Bros. v. Mitchell,* 75 Ala. 475. The Register sold the correct description of the land intended to be conveyed in the mortgage, and the mortgagee purchased at the sale.

COOKE & COOKE, *contra.*—The mortgage having been foreclosed by decree of the Chancery Court, the present bill will not lie to correct a misdescription in the mortgage.—*Stephenson v. Harris,* 131 Ala. 470; 31 So. Rep. 455 and cases cited; *Meyer v. Calera Land Co.,* 31 So. Rep. 938; *Duval's Heirs v. McCloskey,* 1 Ala. 728.

SHARPE, J.—By the proceedings had in foreclosing the mortgage of Dugger to Hughes the right of the parties to the mortgage, including the transferee Simpson Grocery Company, became fixed and the mortgage itself was extinguished.—*Stephenson v. Harris,* 131 Ala. 470; *Duval's Heirs v. McLoskey,* 1 Ala. 728; *Waldron v. Letson,* 15 N. J. Eq. 126. The mortgage having so become extinct, the fact that property was omitted therefrom by mistake in the execution of the instrument furnished no ground for reformation in equity of either the mortgage or the decree of foreclosure. See *Schwickerath v. Cooksey,* 53 Mo. 75; *Miller v. Kolb,* 47 Ind. 220; *Waldron v. Letson,* and *Stephenson v. Harris, supra.* The decision in the last cited case is authority conclusively opposed to the maintenance of this bill. From its influence the case is not removed by the mere fact that the register

included in his sale the land in controversy. The register's power to sell was bounded by the decree he was executing and his acts in respect to that power were nugatory as against all persons not consenting thereto. In the bill there are no averments of facts which as against the defendant heirs of Dugger, can operate as an estoppel or imply an agreement to or ratification of the register's sale of land not decreed to be sold, and, hence considerations such as seem to have induced injunctive relief in *Waldron v. Letson, supra,* are lacking here.

Decree affirmed.