# Hooper v. Pierce.

*Penalty for Failure to Satisfy Mortgage.*

(Decided May 9, 1907.  44 South. 108.)

*Judgment; Conclusiveness; Identity of Issues.*—Although a judgment in a detinue suit between the same parties for property covered by the mortgage, finding the issues for the defendant, is relevant and admissible in a suit between the same parties for the penalty for failure to satisfy the mortgage, it is not res adjudicata as to the payment of the mortgage since the verdict in favor of the defendant may have been based on the issue that defendant was not in possession of the property in the detinue suit.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Benj. F. Pierce against A. R. Hooper. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

This was an action for the statutory penalty for failure to satisfy the record of the mortgage. Upon the trial of the cause the plaintiff was permitted over the objection of the defendant to introduce the record of a former detinue case, wherein Hooper was plaintiff and Pierce was defendant, instituted in the circuit court of Marshall county for the recovery of 3 bales of cotton and 200 bushels of corn. The issues presented by the defendant were that defendant was not in possession of the property, that Hooper had no title to the property, and that he claimed title through a mortgage which had been fully paid. It was admitted that evidence was offered pro and con as to each of the issues there presented. There was judgment for the defendant in the detinue suit. At the conclusion of this testimony the court stated that the legal effect of the record and judgment in the detinue suit was conclusive against Hooper

[Hooper v. Pierce.]

in the present suit; that the mortgage had been paid at the time of service of the request upon him to enter satisfaction of the mortgage record, and he so charged the jury, whereupon the jury returned the verdict for the statutory penalty, and the defendant excepted.

STREET & ISBELL, for appellant.—The doctrine here invoked is not that of bar by former judgment upon the same cause of action, but that of the conclusiveness of a former judgment upon a particular question of fact in a subsequent suit on a different cause of action. With this distinction in mind the sound rule of law is that where the record shows that several issues of facts were presented by the pleadings in the former suit, and the evidence discloses that all of these issues were actually litigated and that the judgment might properly have been rendered upon either of said issues. The burden is upon the party asserting the estoppel to prove that the decision was actually given upon the precise point involved in the second suit.—2 Black on Judgments, pp. 506, 515, 624 and 629; *Cromwell v. Sac. Co.*, 94 U. S. 351; *Bergeron v. Richardott*, 55 Wis. 129; *Russell v. Places*, 94 U. S. 606; *Lea v. Lea*, 96 Am. Dec. 772 and notes, p. 783; *Pruett v. Holley*, 73 Ala. 369; *Hankey v. Croskey*, 81 Ala. 149; *Gilbreath v. Jones*, 66 Ala. 129; *Wood v. Wood*, 134 Ala. 566. (TYSON's opinion.)

JOHN A. LUSK, for appellee.—No brief came to the Reporter.

DOWDELL, J.—The record in the former detinue suit between the same parties, under the issues in this case, was relevant and admissible in evidence. The judgment in the case in favor of the defendant, who is the plaintiff here, was not, however, alone and without other evidence, as matter of law or of fact, conclusive

[Hooper v. Pierce.]

of the rights of the defendant in this case, who was the plaintiff in the former suit. It appears from the record in the former suit that there were several issues on which the case was tried, and on either one of which, under the evidence there adduced, the jury might have returned a verdict for the defendant. The verdict in that case was general. One of the issues on which the case was tried was that the mortgage on which the action was based had been paid off and satisfied. Another issue was that the defendant was not in possession of the property sued for at the time the suit was commenced. The general verdict, rendered in favor of the defendant, was referable to either one of these issues. If the verdict was in fact made on the latter issue—that is, that the defendant was not in possession of the property sued for when the suit was commenced—then clearly the verdict and judgment was not res adjudicata of the question of the payment and satisfaction of the mortgage debt. This principle was clearly settled in the case of *Dobson v. Hurley,* 129 Ala. 380, 30 South. 598. See, also, cases there cited.

The trial court erred in ruling as matter of law and of fact that the judgment in the former detinue suit, without its being shown upon what issue in that case the verdict was rendered, was conclusive of defendant's rights in this case. For the error pointed out, the judgment of the circuit court will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.