# Stephenson *v.* Harris, *et al.*

### Bill to Set Aside Foreclosure Sale.

(Decided Dec. 19, 1907.   45 So. Rep. 196.)

1. *Mortgages; Setting Aside Foreclosure Sale for Misdescription.*—
The rule being that a mortgagor is responsible for a description
of his property conveyed and that the mortgage will be construed
most strongly against him, a foreclosure sale of land under the mort-
gage will not be set aside at the suit of the mortgagor, on account
of a mistake in the description of the land in the decree of sale,
where the description in the decree followed that in the mortgage.

2. *Same; Laches.*—A bill filed more than seven years after the
date of sale, to set aside the sale, is barred by laches, especially
where no objection was made to the confirmation of the sale.

3. *Same; Setting Aside Foreclosure Sale for Inadequacy of Price.*—
Where the bill, which seeks to set aside the foreclosure sale for in-
adequacy of price, shows that the most valuable part of the land
had been sold under a chancery decree, which sale had been confirmed
and the bill fails to set out facts showing that the amount paid at
the second sale was less than the value of the land sold not covered
by earlier sales, although it shows that the sale included all of the
tract, such bill is demurrable.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Richard L. Stephenson against C. C. Harris,
and others, to set aside certain sales of land made at the
instance of Harris under mortgage and execution on
foreclosure.   From a judgment for respondent plaintiff
appeals.   Affirmed.

E. W. GODBEY, for appellant.   A contract entered in-
to by a mortgagor waiving or agreeing not to exercise
the right of redemption in the event of default will be
set aside as oppressive to the debtor and offensive to the
established maxim of equity, "Once a mortgage, al-
ways a mortgage."—*Parmer v. Parmer,* 74 Ala. 288.
When the inadequacy of price is so gross as to shock the
conscience and furnishes evidence of fraud, it will be

[Stevenson v. Harris, et al.]

sufficient to cancel a conveyance or contract whether executed or executory.—*Cleere v. Cleere,* 82 Ala. 588; *Ray v. Womble,* 56 Ala. 39. The grounds that will authorize the interposition by a court of equity in case of a private sale will afford relief from a judicial sale.—*Miller v. Craig,* 4 Am. St. Rep. 180; *Ray v. Womble, supra.* When the appellee brought this land to the block as a whole, he admitted that the appellant had a leviable title to the land.—*Thomas v. Lewis,* 103 Ala. 426; *Boylston v. Rankin,* 114 Ala. 4; *Morgan v. Donovan,* 58 Ala. 241; *Fuller v. Eames,* 108 Ala. 464; *Dial v. Gambill,* 119 Ala. 330; *Colsky v. Loveman,* 97 Ala. 434.

CALLAHAN & HARRIS, for appellee. The complainant was not entitled to the relief sought and the chancellor properly decreed for the respondent.—*Dial v. Gamble,* 28 South. 1; *Stephenson v. Harris,* 31 South. 445; *Owen v. Bankhead,* 82 Ala. 399; *Helena Coal Co. v. Sibley,* 32 South. 718.

DENSON, J.—This bill was filed by Richard L. Stephenson against C. C. Harris and Charles H. Austin to have set aside a sale of certain lands made by the register in chancery on the 23d day of February, 1897, under a decree of the chancery court of Morgan county, ordering a foreclosure of a mortgage executed by the complainant in this bill; also a sale of a part of the lands made by the sheriff May 28, 1903, under an execution issued out of the chancery court on said decree, and a sale of the whole of said lands made by the sheriff on the 23d day of November, 1903, under another execution issued on said decree. This is the second appeal in the cause, the first having been prosecuted by the respondents from a decree overruling demurrers to the bill. The decree of the court was reversed, and one was here ren-

dered sustaining the demurrer made to the bill.—*Harris et al. v. Stephenson,* 147 Ala. 537, 41 South. 1008. In respect to the attack made by the bill upon the register's sale, we then said: "After a sale of property under a decree of the chancery court, and a confirmation of said sale, the sale will not be set aside upon a collateral proceeding unless the party seeking relief against said sale acquits himself of want of diligence in resisting confirmation. The bill in the present case does not aver any effort on the part of the complainant to resist the confirmation of the sale or set up any sufficient excuse for the failure to do so, and the demurrer proceeding upon this theory should have been sustained."

On the return of the cause to the chancery court the bill was amended by striking out the seventh paragraph. That paragraph in substance averred that the register's sale included only a part of the complainant's land that was embraced in the mortgage; that on the part sold were located the house and improvements, which were worth $700 or $800; that the sale was for a grossly inadequate price, owing in part to the defective description given of the land in the decree. It also averred in that paragraph that the defective description did not affect the value of the land, it being uncertain just how much of said land was being sold. The only other amendment to the bill which was made sets up in substance that the description of the land sold at the register's sale was peculiar and unusual, and gave proportions and dimensions absurd and repellent to probable or possible purchasers. It included the house of the complainant, but at the same time so detached it from the remainder of his small tract as to render the house and the very small area that was sold with it of little value; that the part of the complainant's land actually included in the decription was most difficult of ascertainment,

[Stevenson v. Harris, et al.]

as the correct description of the land actually owned by the complainant was "one house and ten acres of land off of the north end of the N. E. ¼ of the N. W. ¼ of section 36, township 5, of range 5 west, in Morgan county"; whereas, the lands condemned to sale by the decree were described as "one house and ten acres of land lying two miles southwest of Decatur, Alabama, on the Danville road, and being the north end of the northeast half of the northwest quarter of section 36, township 5, of range 5 west.  *  *  *  "  It is then averred in the amendment that the reason that the land did not bring its fair and reasonable value at the register's sale was because of the grotesque description, the uncertainty of the amount of land owned by complainant that was described in the decree of sale, and the dismemberment of the small tract that was occasioned by the decree.  It is also averred that these conditions rendered useless any exceptions to the register's sale, and therefore complainant made none, "since a resale would have commanded no higher bid, under the description unalterably fixed in the decree of sale, for the eccentric shape of the tract, which included a relatively large part of land not in complainant's 10 acres, and yet failed to include a relatively large part of the 10 acres which the complainant actually owned."  It is then averred that the house located on the part that was sold was of the value of $600 or $800, and that the price for which it was bid off was inadequate.  So, in respect to the register's sale, the only excuse given by complainant for not opposing the confirmation of the sale was that, on account of the peculiar and unusual description of the lands in the decree, a resale would have commanded no higher bid.

It is conceded by the averments made in the amendment to the bill that the house and a part of the land of

30 R

the complainant was sold—the most valuable part of it; and it must be conceded that the mortgage described the property as the decree did, or, rather, that the decree followed the description of the property as it was given in the mortgage. It may be that "a mistake in the proceedings, such, for instance, as a misdescription in the bill of the land mortgaged, when first discovered after the decree and sale, is ground for setting aside the decree and sale, either wholly or as to the land erroneously described, and for maintaining a bill to correct the error."—Jones on Mortgages (4th Ed.) § 1675. See, however, *Stephenson v. Harris,* 131 Ala. 470, 31 South. 445. But this is not a bill for review, nor does it contain any averment that the complainant was not aware of the mistake in the description of the lands, as written in the mortgage, while the foreclosure proceedings were going on, and before the decree of foreclosure and order of sale were enrolled. The description in the decree includes a part of the land owned by the mortgagor; and it is conceded for the complainant that the "grotesque" or unusual description alleged in the bill as being in the decree inheres in the mortgage, and that the decree follows the description as written in the mortgage. A mortgagor, in the absence of any interference on the part of the mortgagee in respect to the description, is responsible for the manner in which the property mortgaged is described; indeed, the words of the description must be construed most strongly against the mortgagor.—*Waits v. Bailey,* 192 Pa. 562, 44 Atl. 262; *Dial v. Gambrel,* 126 Ala. 151, 28 South. 1. There is not a single averment in the bill which attributes wrongdoing on the part of Harris, the purchaser at the sale, or on the part of any one, so far as that is concerned, in respect to the register's sale. The case stands solely upon the unusual description of the land as an excuse for com-

[Stevenson v. Harris, et al.]

plainant's refraining from interposing objections to the confirmation of the sale made by the register. The misdescription must be held to be of his own creation, and not a sufficient excuse for complainant's failure to carry the matter before the chancery court in the shape of objections to the confirmation of the sale.—*Helena Coal Co. v. Sibley,* 132 Ala. 651, 332 South. 718.

Moreover, the sale was made more than seven years before the bill to set it aside was filed; and, notwithstanding it is averred that Harris filed his bill to correct the description in the lands and obtained an injunction against the complainant, the fact is that this bill was not filed until after the lapse of two years from the time Harris' bill was dismissed. There being no peculiar features marking this case, it would seem that the complainant is barred by his own laches from maintaining the bill in so far as it attacks the register's sale.—*Ezzell v. Watson,* 83 Ala. 120, 3 South. 309; *Alexander v. Hill,* 88 Ala. 488, 7 South. 238, 16 Am. St. Rep. 55; *Goree v. Clements,* 94 Ala. 344, 10 South. 906; *Ponder v. Cheeves,* 90 Ala. 117, 7 South. 512.

In respect to the sales made on the 23d day of November, 1903, and in May, 1903, under execution issued on the decree of the chancery court, what was said on the former appeal is equally applicable to the case as now presented. The amendments made to the bill are not sufficient to withdraw the case from the influence of the ruling made on the former appeal in respect to these sales. It affirmatively appears from the bill as now presented that, while the sale of November 23, 1903, included all the land, yet the most valuable part thereof had been previously sold by the register under the decree, which was confirmed, and which we have held cannot be now assailed by the complainant. And not only is there nothing in the bill to establish the fact that the

amount bid at this execution sale was less than the value of the land sold which was not covered by the register's sale, but it may be said that it affirmatively appears that it was more than its value. We have endeavored to show that, if the complainant's land was "dismembered" by the description in the decree and the sale made by the register under it, it was the fault of the mortgagor that such a status was brought about, and that he should not at this late day be allowed to profit by it.

We take occasion to say that what was stated in the former opinion (last paragraph) in respect to the sale of a mortgagor's equity of redemption was merely a comment on the contention of appellee's counsel at that time, and is really not set down as a part of the decision or ruling made therein. From the foregoing it appears that the chancellor correctly sustained the demurrer to the bill, and his decree must be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.