(83 South. 600)

STUART v. STRICKLAND et al.
(4 Div. 800.)

(Supreme Court of Alabama. Nov. 27, 1919.)

1. ESTOPPEL ⬦68(4)—EQUITABLE ESTOPPEL BY ADMISSION IN ANSWER NOT INVOCABLE AS WEAPON OF OFFENSE.

Plaintiff, seeking affirmative relief by correction or otherwise, because his bill and the decree in his favor, in his prior suit against defendants to set aside a conveyance as fraudulent, misdescribed the land, may not invoke an estoppel against defendants because in the prior suit they did not disclose the mistake, but by their answer admitted the conveyance and alleged it was for a valuable consideration; as an equitable estoppel is protective only, and to be invoked as a shield and not as an offensive weapon.

2. EQUITY ⬦6 — DILIGENCE IN ACQUIRING KNOWLEDGE OF MISTAKE NECESSARY TO EQUITABLE RELIEF.

For equity to relieve on the ground of mutual mistake, the mistaken fact must not only be material, but such as complainant could not, by reasonable diligence, have obtained knowledge of when put on inquiry.

3. JUDGMENT ⬦441—FAILURE TO CALL ATTENTION TO MISTAKE IN COMPLAINT NOT FRAUD AUTHORIZING EQUITABLE RELIEF.

That defendants, in suit to set aside a fraudulent conveyance, did not call attention to the misdescription of the land in the complaint, which later entered into the decree, is not fraud, which, coupled with plaintiff's mistake, might constitute ground for equitable relief as to decree; they being under no duty to communicate the fact.

4. JUDGMENT ⬦454—SUIT FOR RELIEF FROM MISTAKE CARRIED INTO DECREE MAINTAINABLE ONLY AS BILL OF REVIEW.

A suit for relief against the mistaken description of the land in plaintiff's complaint and the decree for him in his former suit against defendants to set aside a conveyance as fraudulent must be sustained, if at all, as a bill of review.

5. EQUITY ⬦457—WHO MAY MAINTAIN BILL OF REVIEW STATED.

Bill of review is maintainable by a party to an original suit, or by some person holding under him or in privity to him.

6. EQUITY ⬦442—PURPOSE OF BILL OF REVIEW STATED.

Bill of review is to direct the court's attention to a reconsideration of the cause, on account of error of law apparent on the face of the record, injurious to plaintiff, or for fraud, or on account of new facts or subsequently discovered evidence.

7. EQUITY ⬦454—LEAVE FOR BILL OF REVIEW NECESSARY UNDER CODE.

Under Code 1907, § 3178, requiring application to file bill of review, leave to file it must be obtained.

8. APPEAL AND ERROR ⬦224—NOTICE OF APPLICATION FOR BILL OF REVIEW WAIVED BY FAILURE TO BRING THE QUESTION BELOW.

Failure to give notice of application to file bill of review, not being taken by demurrer or motion to strike, is waived, and not available on appeal.

9. EQUITY ⬦451 — LEAVE OF APPELLATE COURT TO FILE BILL OF REVIEW NECESSARY IN CASE OF AFFIRMANCE.

Permission of the appellate court is necessary to filing of bill of review, where the decree has been affirmed on appeal.

10. EQUITY ⬦462—BILL OF REVIEW DEMURRABLE FOR ABSENCE OF SHOWING OF LEAVE TO FILE.

That the record fails to show leave of appellate court to file bill of review, where decree has been affirmed, is ground of demurrer to the bill.

11. EQUITY ⬦460—BILL OF REVIEW BAD, AS NOT SHOWING ERROR WAS ON FACE OF RECORD.

Bill of review to correct the mistake in description of land in plaintiff's bill, and in the decree for him, in suit to set aside a deed as fraudulent, not showing the deed was made part of the bill in the former suit, but simply alleging the deed correctly described the land, does not, as is necessary, show the error was apparent on the face of record, as there may not be a mere substitution of other lands.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by George Stuart, as trustee of the bankrupt estate of J. M. Strickland, against J. M. Strickland and others, to correct an error in a final decree formerly rendered, and to correct the descriptions of the lands therein as to the location of land, or to require a proper conveyance. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

See, also, 200 Ala. 541, 76 South. 867.

The case made by the bill is that on May 11, 1915, orator filed his bill against J. M. Strickland and Grover Strickland, setting up in effect that J. M. Strickland was a bankrupt by adjudication and that orator was regularly appointed as trustee; that J. M. Strickland had conveyed to his son Grover Strickland, in fraud of his creditors, certain lands which were described in the original bill as lying in section 30, township 7, range 20, but that said lands were incorrectly described, as in fact they were located in section 34, and were so described in the deed; that the error

was mutual on the part of both parties, as the respondents answered the bill, admitting the execution of the conveyance, but denying that it was fraud on creditors, and that the mistake was clerical and not judicial; that on the 11th day of December, 1916, chancellor rendered a final decree, in which it was ordered, adjudged, and decreed that the particular deed from J. M. Strickland to Grover Strickland, conveying the identical land as described in the bill, be declared fraudulent and void, and devesting all title out of them and investing the same in complainant. The demurrers assert that the mistake set up is unilateral; that the decree is a final decree, and cannot be changed or modified, and cannot be reformed; that the mistake is one of pleading of the complainant, and is not mutual.

W. W. Sanders, of Elba, for appellant. The court erred in sustaining the demurrers. Sims v. Riggins, 201 Ala. 99, 77 South. 395; 2 Pomeroy's Equity, 1797; 86 Va. 104, 9 S. E. 497; 7 Baxt. 611; 229 Ill. 119, 82 N. E. 206, 11 Ann. Cas. 84 and 85.

J. A. Carnley, of Elba, for appellee. The demurrers were properly sustained. 131 Ala. 476, 31 South. 445; 153 Ala. 462, 45 South. 196; 178 Ala. 298, 59 South. 485.

THOMAS, J.   There is but one assignment of error. It is based upon the decree of the court sustaining demurrer to the bill as last amended. The prayer of the bill is "that the error in the bill of complaint and in the final decree in said chancery proceedings be corrected or reformed so as to make the description embrace and include the 80 acres of land described as in the original bill and decree, except to locate the lands in section 34, instead of in section 30; or, if that be not the proper mode of relief, that said Grover Strickland be required to convey and surrender * * * all his right, title, and interest in said lands, or that he be forever enjoined from setting up or asserting a title to said lands under said deed." There is likewise a prayer for general relief. Lyons v. McCurdy, 90 Ala. 497, 501, 8 South. 52.

The "deed" referred to in the prayer of the instant bill is that of date May 13, 1914 (recorded January 13, 1915), by which J. M. Strickland purported to convey to his son, Grover Strickland, 80 acres of land, alleged in former bill to have been in fraud of his creditors. Strickland v. Stuart, 76 South. 867;[1] McCrory v. Donald, 192 Ala. 312, 68 South. 306. The "bill of complaint" in question, wherein the error in description occurred and now sought to be corrected was filed in the chancery court May 11, 1915, by George Stuart, as trustee, against the respondents, and averred that J. M. Strickland had been adjudicated a bankrupt; that the deed from

[1] 200 Ala. 541.

J. M. Strickland, conveying certain of grantor's lands to Grover Strickland was without consideration, fraudulent, and void as to creditors, and described the lands as being in section 30. The final decree in said cause, pursuant to the prayer of the bill and the description of the property therein contained was rendered on the 11th day of December, 1916.

It is averred in the instant bill that the mistake was mutual; that the lands were described as the N. W. ¼ of N. E. ¼ and the N. E. ¼ of N. W. ¼ of section 30, township 7, range 20, in Coffee county, Ala., containing 80 acres, more or less, and by mistake of the draftsman (in the former bill) were incorrectly described "as being in section 30, when as a matter of fact they were situated in section 34, and so described in said deed; and * * * that the error was mutual on the part of" complainant "and of the respondents, because they filed answer to the bill admitting the execution of the conveyance as charged, * * * but denying that the conveyance was a fraud upon creditors, and in all other respects than this the substantial allegations of the bill were admitted, so that neither the respondents nor" complainant "detected the error in the description of the lands, or, if the error was detected by respondents, they raised no question or issue regarding the same, but permitted the case to go to final decree without making the error known to the court. * * * " It is further averred that said decree was to the effect that, the conveyance " 'being dated May 13, 1914, conveying the N. W. ¼ of N. E. ¼, and N. E. ¼ of N. W. ¼ of section 30, Tp. 7, of range 20, Coffee county, Alabama, containing 80 acres, more or less,' and recorded in the probate office of said Coffee county, Ala., be, and the same is hereby, declared fraudulent and void, and all right, title, claim and interest of Grover Strickland and J. M. Strickland in and to said land is hereby divested out of them, and each of them, and vested in George Stuart, as trustee in bankruptcy of J. M. Strickland; and your orator avers that the lands referred to and intended to be described in said decree was the 80 acres of land in Coffee county, Ala., which was conveyed, or attempted to be conveyed, by the said J. M. Strickland to his son, Grover Strickland, on the said 13th day of May, 1914, and that the mistake which occurred in the drafting of the bill of complaint in said cause and which was participated in by the respondents when they answered the bill, and therefore became mutual, was the mistake which influenced the chancellor in the final decree, and caused the chancellor to describe said lands as being in section 30, when as a matter of fact they are in section 34. * * * "

The demurrer sustained by the circuit court, in equity, challenged the sufficiency of the bill on the grounds, among others, that

the original and amended bill seeks to correct, reform, or modify a final decree of the chancery court, rendered more than 30 days before the filing of the instant suit; that the court was without jurisdiction to correct, reform, or modify said final decree; and that no mistake or intention of counsel for the parties to the former suit can be charged to respondents so as to show said mistake as to the description of said lands was mutual between said parties.

This court recently declared in Goulding v. Blanchard, 178 Ala. 298, 306, 59 South. 485, 488, that it was well settled "that a purchaser at a judicial sale—that is, a sale founded on and pursuant to a judgment or decree— cannot have corrected an alleged error in his deed, if the correction would work a variance from the judgment or proceedings from which alone the deed draws its life; and, of course, he cannot, after the lapse of the term at which the judgment is rendered, have altered the decree itself, where the record does not furnish the evidence of the alleged mistake. Reddick v. Long, 124 Ala. 260, 27 South. 402; Henderson v. Hosfeldt, 124 Ala. 391, 27 South. 415; Stephenson v. Harris, 131 Ala. 470, 31 South. 445; Stewart v. Wilson, 141 Ala. 405, 37 South. 550, 109 Am. St. Rep. 33." In each of the aforecited cases the bill was for reformation of a conveyance of land; as the correction of the description contained in sheriff's deeds (Reddick v. Long, supra; Henderson v. Hosfeldt, supra), in a mortgage (Stephenson v. Harris, supra), and in mortgage and the decree of its foreclosure (Stewart v. Wilson, supra). The denial of relief was rested on the fact that the reformation attempted was not a mere correction of description in a conveyance, but a substitution of other land.

The former bill by George Stuart, as trustee in bankruptcy, was, as we have observed, against the Stricklands for cancellation of the deed by the father to his son. In their answer the respondents admitted "the execution of the conveyance as charged," and denied that it "was a fraud upon creditors." Thus was made the issue for decision, the litigable question of which was whether that conveyance was fraudulent as to creditors represented by the trustee. It was averred in said bill to be lands in section 30, and the legal effect of that decree was to invest said trustee with the title to said lands, and not of lands in section 34.

Appellant urges the application of the decision in Sims v. Riggins, 77 South. 393, 395.[2] It was there pointed out the "distinction between the mere correction of a mistake and the setting aside of a judgment." It is said:

"Where * * * a distinct question has been presented to a court, and a ruling has been made thereon, and that ruling passed into a judgment, it is one thing for a party to apply thereafter to have that judgment set aside and a different ruling made by the court upon that question; but an entirely different thing, when a party avers that, by some mistake, the judgment which was entered does not in fact express the intention of the court in respect to its adjudication of the rights of the parties, or that by a mistake a matter has been by the language of the decree apparently adjudicated by the court, to which the court's attention was not called, and upon which it did not intend to make any ruling."

That Sims v. Riggins, supra, is different from the case at bar is indicated by the observation made that it is "averred in complainants' bill that, after the participation by appellants in the mistake of fact as to the sale and purchase of complainants' lands, and the confirmation of the sale, appellants obtained the possession of the lands by acknowledging complainants' superior title thereto and right of possession thereof, by becoming complainants' tenants under a lease for a term of years, extending beyond the period" for filing a statutory bill of review. "Thus were complainants lulled by appellants into repose and continued acquiescence in said mistake of fact existing at the time of the sale and purchase, and confirmation thereof, in the partition suit. Under the circumstances averred, this operates as an equitable estoppel against appellants to thereafter assert their title so acquired; and it would be unconscionable to allow them to enjoy the fruits of such mistake, to the extent of depriving appellees of their lands."

[1] Complainant in instant suit seeks to invoke an estoppel against respondents, in that they answered the former bill containing the misdescription, admitted the execution of said conveyance, alleged that the challenged sale for a valuable consideration was not a fraud on the rights of creditors, and failed to disclose to the court the erroneous description contained in the bill. In Lindsay v. Cooper, 94 Ala. 170, 11 South. 325, 16 L. R. A. 813, 33 Am. St. Rep. 105, the court said of equitable estoppels that they are protective only, and are to be invoked as shields and not as offensive weapons, and that their operation should be limited to saving harmless, or making whole, the person in whose favor they arise, and they should never be the instruments of gain or profit. Hundley v. Chadick, 109 Ala. 575, 586, 19 South. 845. The application of this rule was made in Sims v. Riggins, supra. No such case is presented by this record, for in the suit resulting in the decree now challenged the parties litigant were "dealing at arm's length" with each other. Davis v. Betz, 66 Ala. 206, 210; Corley v. Vizard, post, p. 564, 84 South. 299.

It must be admitted that the instant case is more nearly akin to the status adverted to in Stephenson v. Harris, 153 Ala. 462, 466, 45 South. 196, 197, as follows:

[2] 201 Ala. 99.

"It may be that 'a mistake in the proceedings, such, for instance, as a misdescription in the bill of the land mortgaged, when first discovered after the decree and sale, is ground for setting aside the decree and sale, either wholly or as to the land erroneously described, and for maintaining a bill to correct the error.' Jones on Mortgages (4th Ed.) § 1675."

The same text is carried into 3 Jones on Mortgages (7th Ed.) § 1675, p. 326.

[2, 3] However, the general rule as to mutual mistake is subject to important limitations, for example, as that the mistaken fact must be material and such as the party complaining could not by reasonable diligence have obtained knowledge of when he was put on inquiry. If by reasonable diligence he could have obtained such knowledge, equity will not relieve him, since that would be to encourage culpable negligence. Mr. Story illustrates this as follows: If a party has lost his cause at law from want of proof of fact, which by ordinary diligence he could have obtained, he is not relievable in equity; for the general rule is that if a party becomes remediless at law by his own negligence, equity will leave him to bear the consequence. 1 Story's Eq. Jur. (14th Ed.) § 218. He further says:

"Nor is it in every case where even a material fact is mistaken or unknown without any default of the parties that a court of equity will interpose. The fact may be unknown to both parties, or it may be known to one party and unknown to the other. If it is known to one party and unknown to the other, that will in some cases afford a solid ground for relief, as, for instance, where it operates as a surprise or a fraud upon the ignorant party. But in all such cases the ground of relief is not the mistake or ignorance of material facts alone, but the unconscientious advantage taken of the party by the concealment of them. For if the parties act fairly, and it is not a case where one is bound to communicate the facts to the other upon the ground of confidence or otherwise, there the court will not interfere." Section 219.

That is to say, there must be some obligation to inform the ignorant party of the mistake in order to obtain relief; and, where the means of information are equally open to both parties, it will be presumed that such parties exercised skill, diligence, and judgment in regard to the necessary facts or circumstances. On the other hand, a court of equity would be of little value if it could suppress only positive frauds, and in a proper case leave mutual mistakes, innocently made, to work intolerable mischiefs contrary to the intention of the parties.

Of relief from judgments at law obtained through mistake the latest edition of Story (volume 1, § 171) contains the following:

"When appeal is made to the chancery court, by a defendant in a judgment at law, to be relieved therefrom, on the ground that he had a valid legal defense to the claim, he must show, not only that he had such defense, and was prevented from making it by surprise, accident, mistake, or fraud, but he must, in addition to that, show that the prevention was without fault on his part. But if the judgment was procured through delay caused by the opposite party, or if the injured party was lulled by the promise or hope of a settlement of the cause of action, and thus caused a delay in the institution of an action within the time allowed, the injured party would not be precluded in his rights, but he might still bring his action and prosecute it to final judgment. When one has an action pending in the courts, the best thing he can do is to watch it, and he should always remember that ignorance of the law, or a mistake as to his legal rights and remedies, whereby he suffers injury, is as much his own fault when committed by his counsel as if the mistake had actually been committed by him. It is undoubtedly the rule that where errors of judgment, mistakes of law, and the like are committed by counsel, and in the matter under consideration he acted upon his own initiative, not actuated by any advice or information improperly given by his adversary, and his client is led in to his injury, a judgment will not be set aside for this reason. If this were not the true rule, the titles to lands might be easily disturbed, and there could be no reliance, with any degree of safety, in judicial precedents. But relief from a judgment will be given where the former judgment was the result of a mistake, unmixed with fraud, and not the result of the negligence of the injured party. Bacon v. Bacon, 150 Cal. 477, 89 Pac. 321; Busey v. Moraga, 130 Cal. 586, 588, 62 Pac. 1081. Where a judgment as entered was unintentional on the part of the court, and not the judgment that was really rendered, and if appellant is permitted to succeed in his action, he will recover heavy penalties, to which, in right and justice, he has not the slightest claim, and respondent will be punished and perhaps ruined in consequence of an error for which he was not to blame, he is without any remedy at law, and must be relieved in equity, if at all. This is a circumstance which largely controls a court in determining whether or not it may grant equitable relief in a particular cause. While the judgment may not be corrected in this action, its enforcement ought to be enjoined. Engler v. Knoblaugh, 131 Mo. App. 481, 110 S. W. 16." Sims v. Riggins, supra.

It is observed that the author and our court support the statement for relief against a judgment at law, on the ground of a valid legal defense to the claim, that complainant must not only show that he had such defense, was prevented from making it by surprise, accident, mistake, or fraud, but also that the prevention was without fault on his part (Broda v. Greenwald, 66 Ala. 538), and will be able to prove the defense on another trial. Prudential Cas. Co. v. Kerr, 80 South. 97, 99.[3] If the party has "lost the opportunity of making his defense by the neglect, inattention, or mistaken counsel of his own attorney, without any fraud or unfairness of

[3] 202 Ala. 259.

the adverse party, it is, in law, as between him and the adverse party, the same thing as if he had lost it by his own neglect, inattention, or fault." Broda v. Greenwald, supra; Lyne's Adm'r v. Wann, 72 Ala. 43; Weems v. Weems, 73 Ala. 462.

[4-6] Appellant must sustain his suit, if at all, as a bill of review. Such bills may be maintained by parties to an original suit or by some person holding under such party, or in privity to him (Curry v. Peebles, 83 Ala. 225, 3 South. 622; Allgood v. Bank of Piedmont, 130 Ala. 237, 29 South. 855), to direct the court's attention to a reconsideration of the cause: (1) On account of error of law apparent on the face of the record that was injurious to the party filing the bill of review; (2) or for fraud; (3) or on account of new facts or subsequently discovered evidence. De Sota Coal Min. & Dev. Co. v. Hill, 194 Ala. 537, 550, 69 South. 948; Vaughn v. Vaughn, 180 Ala. 212, 215, 60 South. 872; Johnson v. Johnson, 182 Ala. 376, 62 South. 706; Sims Ch. Pr. § 629 et seq.; McCall v. McCurdy, 69 Ala. 65, 69; P. & M. Bank v. Dundas, 10 Ala. 661; Winkleman v. White, 147 Ala. 481, 42 South. 411; Stephenson v. Harris, supra; Allgood v. Bank of Piedmont, supra; Turner v. Turner, 193 Ala. 424, 69 South. 503; Manegold v. Beavan, 189 Ala. 241, 248, 66 South. 448; Willis v. Rice, 157 Ala. 252, 48 South. 397, 131 Am. St. Rep. 55; Vary v. Thompson, 168 Ala. 367, 370, 52 South. 951; Code 1907, §§ 3177, 3178.

[7-10] Leave to file such a bill must be obtained (Code, § 3178; Caller v. Shields, 2 Stew. & P. 417, 426; Manegold v. Beavan, supra), on notice of such application for leave, given to the opposite party in interest. The failure of notice, not being taken by demurrer or motion to strike, is held as waived, and is not available on appeal. Mitchel v. Hardie, 84 Ala. 349, 350, 4 South. 182. When the decree of court has been affirmed on appeal, it is merged by the judgment of affirmance, and permission of the appellate court is necessary to the filing of a bill of review. L. & N. R. R. Co. v. Mauter, 82 South. 487;[4] Stallworth v. Blum, 50 Ala. 46. This record fails to disclose such consent, and for this reason was demurrable. No such ground of demurrer was assigned to the bill.

[11] It is then necessary to decide whether the mistake of fact may be corrected as a misdescription, and not as a substitution of other lands. The instant bill does not make as exhibits, the pleadings and exhibits thereto, on which the former decree was rested. We cannot therefore inspect that record to know whether the deed sought to be declared fraudulent as to creditors was made a part of said pleading, or was introduced by way of evidence only. If made a part of the pleadings, the lands correctly described in the deed were shown on the face of the record to have been in section 34, and not in section 30, as averred in the bill and carried into the decree. It is true the instant bill avers that said lands were described in the deed as being in section 34. This does not inform us that the error now sought to be corrected was or is apparent on the face of said record, as would have been the fact if the deed was exhibited in said pleadings. All judgments and decrees must be construed with reference to the pleadings and the issues made thereby. Hibler v. Oliver, 193 Ala. 369, 378, 69 South. 477; Dobson v. Hurley, 129 Ala. 380, 382, 30 South. 598; Hooper v. Pierce, 151 Ala. 517, 44 South. 108; Russell v. Place, 94 U. S. 606, 24 L. Ed. 214. As so averred, the affirmative relief sought would be the substitution of other lands, rather than the correction of a mistake of fact, shown as error apparent on the face of the record or pleadings on which the former decree was predicated.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.