(134 So. 642)
### DAVENPORT et al: v. BIDDLE et al.
### 7 Div. I.

Supreme Court of Alabama.
May 14, 1931.

C. A. Wolfes, of Ft. Payne, for appellants.

John B. Isbell, of Ft. Payne, for appellees.

BROWN, J.

On July 26, 1923, the defendant, appellees here, executed a mortgage to N. S. Davenport Company, Inc., to secure the payment of an indebtedness of $545.83, covering the S.½ of the S. E. ¼, section 21, township 5 south, range 9 east, De Kalb county, Ala. This mortgage, together with the indebtedness thereby secured, was transferred to the complainants, appellants here.

Default was made in the payment of the indebtedness, and complainants, proceeding to a foreclosure under the power, advertised the property for sale. Pending the sale under the power, the defendants filed their bill against the complainants to enjoin the sale and to reform the mortgage, alleging that, by mutual mistake of the parties thereto, the indebtedness was stated to be $545.83, when as a matter of fact the indebtedness was only $444.83, which they were ready, willing, and able to pay.

To this bill the complainants filed an answer, denying its allegations, alleging the amount of the indebtedness was truly stated. This answer was made a cross-bill, and prayed for the foreclosure of the mortgage.

The case proceeded to final decree of foreclosure, and after failure of the defendants to pay the sum found to be due by the decree, the property was advertised and sold under the decree of foreclosure by the register, and the complainants became the purchasers thereof.

Thereafter it was ascertained that the land was incorrectly described, as in section 21, by mutual mistake of the parties, when in fact it was in section 20; that said mutual mistake persisted through all of said proceedings.

The complainants then filed the bill in this case, setting up these facts, seeking to reform the mortgage, the decree of the circuit court in the first case, and the register's deed, so as to correctly describe the property, and praying that said defendants "be forever estopped and enjoined from claiming that said mortgage, decree and register's deed were not intended to cover the lands," as correctly described in the bill.

The defendants' demurrer to the bill for want of equity was sustained; hence this appeal.

While some courts hold that a mortgage which, through mutual mistake of the parties, does not correctly describe the property intended to be covered, may be reformed after judicial foreclosure, and again foreclosed, we are committed to the doctrine sustained by the weight of authority that, by a foreclosure in a court of equity, the mortgage is extinguished and merged in the decree of foreclosure, which, after the adjournment of the court, is not subject to impeachment or revision except for errors apparent on the record, or for fraud in its procurement. Stephenson v. Harris, 131 Ala. 471, 31 So. 445; Stewart v. Wilson, 141 Ala. 405, 37 So. 550, 109 Am. St. Rep. 33; Dial v. Gambrel, 126 Ala. 151, 28 So. 1; 23 R. C. L. 317, § 11.

And the fact that the defendants did not discover the mistake, and though the first foreclosure proceeded on the idea that the description in the mortgage was correct, cannot be made the basis of an estoppel by the complainants. The interests of the parties in that case were antagonistic; they were dealing at arm's length; and the complainants cannot set up their conduct as an estoppel or to excuse the complainants' negligence. Stuart v. Strickland, 203 Ala. 502, 83 So. 600.

The ruling of the circuit court was in accord with these views, and the decree sus-

30

taining the demurrer to the bill as amended is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.